## Shippensburg Authority v. New Amsterdam Casualty Co.

*William R. Mark*, for plaintiff.

*Marion R. Lower* and *Henry W. A. Hanson*, for defendant.

JACOBS, J., February 7, 1957.—Defendant is a professional surety company which became surety on a labor and material payment bond given by Basore Construction Corporation to Shippensburg Borough Authority. Basore Construction Corporation, on April 7, 1954, had entered into a contract with Shippensburg Borough Authority to construct a sewerage system and the bond was given to insure payment of labor and material used in performing that contract. The labor and material payment bond contained, inter alia, the following pertinent provisions:

"The Principal (Basore Construction Corporation) and Surety (New Amsterdam Casualty Company)

hereby jointly and severally agree with the Obligee (Shippensburg Borough Authority) that every person, co-partnership, association or corporation who, whether as sub-contractor or otherwise, has furnished material or supplied or performed labor in the prosecution of the work as above provided and who has not been paid in full therefor, may sue in assumpsit on this additional bond in the name of the Obligee for his, their or its use, prosecute the same to final judgment for such sum or sums as may be justly due him, them or it, and have execution thereon. Provided, however, that the Obligee shall not be liable for the payment of any costs or expenses of such suit.

"Provided further that no such suit shall be commenced prior to ninety (90) days from the date upon which said person, co-partnership, association or corporation furnished, applied or performed the last of the material or labor for which the said claim is made, and every such suit shall be commenced not later than one year from the date when the cause of action ocaccrued."

Paul E. Bogar, trading as Bogar Lumber Company, whom we shall herein designate as plaintiff, entered into an oral contract with Kerns, Leonard and Gobin to supply sewer brick for use in the aforementioned sewerage system. Kerns, Leonard and Gobin were subcontractors for Basore Construction Corporation, the principal on the labor and material payment bond. Plaintiff's contract with Kerns, Leonard and Gobin, which was oral, provided that plaintiff was to be paid for the brick supplied by him when Kerns, Leonard and Gobin were finally paid by Basore Construction Corporation.

Plaintiff delivered the last of his brick to Kerns, Leonard and Gobin on February 28, 1955. Kerns, Leonard and Gobin were paid in full by Basore Con-

struction Corporation on or about October 31, 1955. Plaintiff has not been paid for his brick, and on July 31, 1956, began this suit by the issuance of a summons. He filed his complaint on October 16, 1956, alleging, inter alia, the above facts.

Defendant has filed preliminary objections in the nature of a demurrer. Defendant claims that plaintiff has not complied with certain requirements as to notice nor filed within the time limitation required by the Act of June 22, 1931, P. L. 881, 53 PS §§1293-1297, contending that this act controls recovery on the labor and material payment bond given in this case. Should the Act of 1931, above cited, not control, defendant contends that the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §301, and following, controls. That act requires suit to be brought within one year after the cause of action accrues, and defendant claims that suit was brought too late in this case because the cause of action accrued on February 28, 1955, when the last brick was delivered.

Although there is nothing in the record to show exactly what Shippensburg Borough Authority is, it is designated as an authority and is obviously not the Borough of Shippensburg itself. The Act of 1931, above cited, requires every municipality entering into a contract for construction to insist that the contractor furnish a labor and material payment bond. Section 1 of the act, 53 PS §1293, defines "municipality" to mean and include "counties, cities, boroughs, incorporated towns, townships, school districts, and poor districts, or any other incorporated district". An authority does not fall within this definition.

Not being a municipality itself, the only act under which the Shippensburg Borough Authority could have been formed is the Municipality Authorities Act of May 2, 1945, 53 PS §301 and following, or the Municipality Authorities Act of June 28, 1935, P. L.

463, repealed by the Act of 1945. Authorities formed under both the 1935 and 1945 Acts are controlled by the Act of 1945. The Municipality Authorities Act of 1945 in reference to contracts for construction entered into by any authority provides, inter alia, as follows:

"All such contracts shall provide among other things that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking, as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued": Section 10.

In conformity with the requirements of the Municipality Authorities Act of 1945, the labor and material payment bond given to Shippensburg Borough Authority required that every suit on it should be "commenced not later than one year from the date when the cause of action accrued". The sole question then to be decided is, when did the cause of action accrue? Once that has been ascertained it will be simple to determine whether or not suit was started within one year thereafter.

There are no controlling Pennsylvania cases construing the Municipality Authorities Act of 1945 so far as the one year limitation of suit provisions are concerned, so for analogy we must turn to the statute of limitations covering personal actions: Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31. Under that statute actions based on contract must be brought "within six years next after the cause of such actions".

The suit we are asked to consider in this case is based on contract, and we deem decisions construing

the phrase "cause of action" as used in the afore-
mentioned statute of limitations applicable to the case
at hand. The same subject matter, namely, limitation
of time for bringing suit, is covered by both statutes.
In such case where language used in the first statute
has been construed by the highest court of the State
and the same language is used in the later statute,
it is presumed that the legislature intended the same
construction to be placed on the later statute: Buhl's
Estate, 300 Pa. 29.

A cause of action accrues only when one has the
right to institute a suit: Bell, Secretary of Banking, v.
Brady, 346 Pa. 666. In Chittenholm v. Giffin, 357 Pa.
616, at page 619, we find this principle further elabo-
rated as follows:

"It is well settled that it is the breach of duty that
gives rise to the cause of action and also starts the
running of the statute of limitations: Ebbert v. Ply-
mouth Oil Company, 348 Pa. 129, and cases cited. . . .
However, the statute generally does not begin run-
ning against the enforcement of a contract depending
upon the condition precedent until such condition has
been performed: Tonkin v. Baum, 114 Pa. 414."

In the last mentioned case of Tonkin v. Baum, plain-
tiff proved that defendant had promised plaintiff to
pay the mortgage debt "as soon as he sold the timber
and got all the money therefor". The court held that
the contract as proved was a conditional one, that
defendant was to pay when he sold the timber and
got the money. The Supreme Court said, at page 422:

"The timber was settled for as before stated on
June 4, 1880. Until that time the plaintiff could not
have sued upon the promise. The right of action had
not accrued. This suit was brought December 6, 1882.
The Statute of Limitations is out of the case and this
disposes of all there was in it."

For the purposes of this demurrer we must consider all the allegations made by plaintiff as true. Plaintiff has alleged an oral contract with Kerns, Leonard and Gobin. Under that contract plaintiff was to be paid by Kerns, Leonard and Gobin on the date that Kerns, Leonard and Gobin were paid by Basore Construction Corporation. Payment by Basore Construction Corporation of Kerns, Leonard and Gobin was a condition precedent to the right of plaintiff to bring suit. Until payment was made by Basore Construction Corporation to Kerns, Leonard and Gobin, no breach of duty existed giving rise to a cause of action. In this case the cause of action did not accrue until Basore Construction Corporation paid Kerns, Leonard and Gobin on October 31, 1955. Suit was instituted on July 13, 1956, within one year after the time the cause of action accrued.

Defendant argues that it has no protection if materialmen and subcontractors by agreement among themselves unknown to the general contractor may postpone the time of payment, and thus the beginning of the accrual of the cause of action, for an indefinite period of time. We doubt if this is true for the reason that our courts have held that only a reasonable time will be allowed where the time for doing an act precedent to bringing suit is indefinite. See Chittenholm v. Giffin, supra. There is nothing in the instant case to show that the time precedent was unreasonable.

Where, as here, the legislature has used a term which is not ambiguous and has been construed by our appellate courts, we would not be justified in adopting any other than the accepted usage of the term. As is said in the Statutory Construction Act: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": 46 PS §551. If

any change in the law is needed, it must be made by the legislature, not by this court.

### Order

And now, February 7, 1957, at 12:30 p.m., defendant's preliminary objections are dismissed, and defendant is given 20 days from this date in which to file an answer to the complaint.