## Sterling Commercial Company, to use, *v.* Swank, Appellant, et al.

Argued March 27, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank B. Barnhart,* with him *Samuel Di Francesco,* for appellant.

*Harry Doerr,* for appellee.

OPINION BY MR. JUSTICE LINN, April 17, 1933:

Judgment by confession was entered in March, 1931, against George W. Swank and R. M. Schuster, makers of a sealed nonnegotiable demand note dated June 2, 1924. Swank obtained a rule to show cause why the judgment should not be opened on a petition averring

that he had no recollection of signing the note; that his signature must have been procured by "fraud, trick or artifice"; that the note was executed as collateral for the payment of a $15,000 mortgage of which he had no knowledge, and that (he thought) did not exist; that, if it existed, the mortgage had been paid, or, the time for payment extended without his consent, and that he received no consideration. A responsive answer was filed; depositions were taken, and the rule was discharged after hearing by the court in banc.

The application of familiar equitable principles requires that we affirm the order. Appellant admitted his signature and abandoned the charge that he had been tricked or defrauded; he had apparently forgotten that he signed the note, his recollection being very defective. The record gives details of, and circumstances surrounding, the creation and existence of the $15,000 debt secured by a mortgage as well as by the note in question, and defendant's relation to the transaction. He had participated, he testified, in the interest of his son.

In its elements, it is the simple case of a creditor with two securities, the mortgage and the note, with the right to seek payment out of either or both. The $15,000 mortgage was a second mortgage, having ahead of it the lien of an $80,000 mortgage. After foreclosure on the first mortgage, and the purchase of the premises by the first mortgagee, the note-creditor, having so lost the benefit of the lien of the second mortgage, proceeded on the note by entering judgment pursuant to the confession.

Without answering the contention concerning the effect of extending the maturity of the mortgage, if it was extended, or the substitution of another, there is no basis for appellant's argument on the subject because the evidence of his consent is complete. For reasons, not clearly appearing, the mortgage could not be produced (it was not recorded and was said to have been lost) so that its terms are not in evidence. It is sufficient to say, however, that another mortgage in the same amount and

on the same premises was substituted for it before the foreclosure of the $80,000 first mortgage, and that the evidence shows that the appellant consented to all that was done with regard to it; his son was one of the mortgagors. Appellant paid the interest due on this mortgage as late as 1928, and in October, 1930, knowing the facts, participated in negotiations in which the debt represented by the note was treated as his valid obligation. In such circumstances, extended discussion is unnecessary.

The order appealed from is affirmed.