Commonwealth of Pennsylvania, The General State Authority, Appellant, *v.* Fred Loffredo, Appellee.

Argued October 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*John A. Alogna,* Assistant Counsel, with him *Richard D. Holahan,* Assistant General Counsel, and *Michael A. Madar,* General Counsel, for appellant.

*Anthony L. V. Picciotti,* with him *Charles F. Duffield,* for appellee.

OPINION BY JUDGE WILKINSON, November 29, 1974:

This exceedingly long and rather complex case has been before this Court on two separate occasions. In brief, the pertinent facts of this appeal are that in 1966, the appellant, General State Authority (GSA), and the appellee, Fred Loffredo (Loffredo), entered into a $5.4 million contract for construction of nine buildings at the White Haven State School and Hospital. Various disputes arose and in 1970, an action was commenced by Loffredo before the Board of Arbitration of Claims (Board). On July 1, 1973, the Board made an award in favor of Loffredo against GSA. The form of this award, however, was procedurally defective and on January 4, 1974, this Court ordered the Board to make and produce findings of fact and conclusions of law.

On February 13, 1974, the Board did submit findings of fact and conclusions of law which GSA again attacked as procedurally defective. After oral arguments before this Court, a memorandum opinion and order, dated April 26, 1974, remanded the matter to the Board for a review of the record, arguments, further evidence, if necessary, and to render a "full and complete adjudication." Subsequently, on June 13, 1974, the Board filed findings of fact, conclusions of law and opinion awarding Loffredo $392,442.59, with interest from April 1, 1970. It is this award and the circumstances sur-

rounding it that is the basis of the instant appeal taken by the GSA. Although the award represents only approximately one-half of the amount claimed by Loffredo, he has not filed a cross appeal; therefore, the scope of our inquiry relates only to the awards made in favor of Loffredo against GSA.

Our scope of review in appeals from the Board of Arbitration of Claims is based on Section 8(c) of the so-called Arbitration Act, Act of May 20, 1937, P. L. 728, *as amended*, 72 P.S. §4651-8(c), which states that findings of fact by the Board, supported by substantial evidence, shall be conclusive. As stated by Judge MENCER in *John McShain, Inc. v. General State Authority*, 9 Pa. Commonwealth Ct. 427, 431, 307 A. 2d 469, 472 (1973) : "[The Commonwealth Court's] scope of review is limited by the provisions of Section 8(c), and we must affirm the order unless it was not in accord with law or there is an absence of substantial evidence to support the findings of the Board as to facts."

It is this Court's function to review the record of this case for substantial evidence of support for the findings made by the Board in favor of Loffredo. These findings, if so supported, are binding on us. Appellant GSA has taken issue with each of the 17 counts found against it, and they have made extensive references to portions of testimony that are supportive of their position. However, it is not our province to retry the case or to make our own independent factual findings and conclusions from the evidence. The Board has heard and weighed the testimony and made its findings; it is not necessary that such findings be based on uncontradicted testimony as long as they are supported by substantial evidence. We have carefully reviewed the pertinent parts of the 18-volume record and find that there was substantial evidence upon which the Board did base its findings of fact. This is not to say that in some instances other findings than those made

by the Board could not have been drawn from the evidence presented, but in all cases, the findings the Board did make were based on substantial evidence. We cannot and will not substitute our judgment for theirs.

Appellant raises various arguments concerning conclusions of law and awards made by the Board. It argues that the awards for "extra work" that Loffredo performed, absent a written change order and written notification of errors and discrepancies executed in compliance with the contract requirements, are improper and that appellee's performance without the writings made him a volunteer as to the "extra work." It is unnecessary to reach the merits of this argument since it appears to be raised for the first time on appeal. A reviewing court will not pass upon an issue not raised or considered below. *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 12 Pa. Commonwealth Ct. 145, 316 A. 2d 127 (1974), and *Commonwealth v. City of Philadelphia,* 5 Pa. Commonwealth Ct. 358, 290 A. 2d 734 (1972).

Also contested by appellant are the damages awarded under the so-called extended conditions counts (counts 21-25). In essence, these counts are for damages resulting to appellee when the contract went beyond its original completion date of May 24, 1968, causing increased costs, expenses and overhead not reasonably contemplated at the time of contract formation. Appellee alleged that the contract extension was necessitated by acts and conduct of appellant, and the Board awarded delay damages. Appellant argues that paragraph 72 of the General Conditions[1] controls and that

---

[1] Paragraph 72 reads: "No claim for increased costs, charges, expenses or damages of any kind shall be made by the contractor against the General State Authority for any delays or hindrances from any cause whatsoever, including strikes, walkouts or work stoppages during the progress of any portion of the work; provided, that the Authority in its discretion, may compensate the contractor

no additional damages can properly be awarded. It again appears that this provision is being raised for the first time and cannot be decided by this Court. *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc., supra.*

However, appellant does properly raise the argument that the extended condition damages were not based on competent evidence because it argues the Board awarded the entire amount prayed for when, in fact, the Board found against the appellee on 19 of the 28 items that allegedly caused the delays. Appellant's argument ignores the fact that the Board found that the contract as a whole was extended and that the award was based on that extension, not the individual damage claims that may or may not have caused the delays. There is no dispute that delays occurred causing appellee to extend the time necessary for his performance. The award was for conduct of the appellant which caused the appellee to incur definite expenses as a result of the longer performance time. In such a situation, damages are not speculative and properly awarded. *See Gasparini Excavating Company v. Pennsylvania Turnpike Commission,* 409 Pa. 465, 187 A. 2d 157 (1963).

In count 26, appellee was awarded $140,282.92 as a retainage, balance due under the contract, and amount due for unpaid change orders. Appellant claims that they had a right to retain funds because of an alleged default by appellee in that appellee's performance was not completed. We agree that paragraph 64 of the general conditions of the contract provides for retainage (up to 10%) until completion and final acceptance. However, the Board found that appellee had completely performed the contract and that appellant, by its conduct, has accepted the project. Since completion and

---

for any such delays by extending the time for completion of the work as provided in the contract, and any such extension shall constitute the exclusive remedy as between the parties."

acceptance have been found and are supported by substantial evidence, it is clear that paragraph 64 does not apply, and that appellee is entitled to the retainage funds.

Appellant would have us hold that the Board was without subject matter jurisdiction in this case because appellee filed his claim with the Board beyond the statutory six-month time limit. This argument is based on construing Section 6 of the Arbitration Act, 72 P.S. §4651-6, as a statute of repose denying jurisdiction to the Board unless the claim is "filed within six months after it accrued."

In *Allen N. Lashner, Inc. v. Commonwealth of Pennsylvania, Department of Highways,* 1 Pa. Commonwealth Ct. 486, 489-90, 275 A. 2d 403 405-06 (1971), Judge CRUMLISH construed Section 6 to mean that: "the jurisdictional period begins to run from the time the cause of action accrues; that is from the time when the injured party is first able to litigate his claim. . . .

"It is well established that the parties to a contract can create valid conditions precedent to the right to bring an action on the contract, and that the claim will not then accrue until the condition has been performed."

It would appear that by their supplemental agreement of March 27, 1969, the parties in this case agreed to attempt internal arbitration of disputes prior to filing a claim with the Board. Appellant's argument ignores this internal arbitration agreement as an intention of the parties that the cause of action will not accrue until internal arbitration was attempted. *See Penn-Jersey Contractors, Inc. v. General State Authority,* 12 Pa. Commonwealth Ct. 203, 315 A. 2d 920 (1974). We find that it was the intention of the parties that the cause of action would arise after claims submitted for arbitration were acted upon by the appellant. Since the record shows that some of the items of damage claimed herein were subject to internal arbitration pro-

cedure and rejected by appellant on September 24-25, 1969, appellee's complaint of March 20, 1970, is within six months of that date. The subsequent amendments to the complaint clearly do not introduce a new cause of action to the suit on the contract and, as such, will reflect the operative date of the initial pleading. *Saracina v. Cotoia*, 417 Pa. 80, 208 A. 2d 764 (1965). We, therefore, hold that the Board of Arbitration of Claims had proper subject matter jurisdiction over all of the claims of appellee.

Appellant next contends that its treatment before the Board was unfair and resulted in a denial of due process. Included in its allegations are that they were denied a full and complete hearing; that the findings of the Board were incomprehensible and contradictory; that the Board acted capriciously in disbelieving competent testimony and relying on false testimony; and that the Board suppressed competent evidence.

Appellant's argument relative to a denial of a hearing consists of two main aspects: (1) that the Board did not provide a full and complete hearing as ordered by this Court on April 26, 1974, and (2) that changing makeup of the personnel on the Board during these proceedings denied them a hearing before a "Board" as required by law. Appellant contends that the Board did not fulfill the requirements as set forth in our order of April 26, 1974. That order specifically required that:

". . . .

"1. The Board shall thoroughly review the evidentiary record heretofore made in said proceedings and may, if deemed necessary, take additional evidence.

"2. Upon review of said record as enlarged by additional evidence if taken, the Board shall schedule and hear argument by counsel supported by briefs.

"3. After hearing argument and considering briefs submitted by counsel, the Board shall render a full and complete adjudication as mandated by law. . . ."

Our review of the decision of the Board submitted on June 13, 1974, shows that the Board did satisfactorily comply with our order. A "thorough review of the evidentiary record" does not require a retrial of the case, only that the entire record be reevaluated. That this was done is evidenced by the Board's altering one count, changing of the interest accrual date, and writing an opinion covering the entire case. Also, there is no dispute that the Board did hear arguments and receive briefs. We hold that the Board did fully comply with our order of April 26, 1974.

The second aspect of appellant's denial of hearing argument is concerned with the identity of the members of the Board at various stages of this proceeding. They argue that due process requires that all members of an agency personally review the entire record before rendering a determination, and that this was not done in this case because it is "unlikely" that the new members would unanimously agree with all the previous findings that had been made. The personal review of the record requirement is precisely the issue that prompted our remand order of April 26, 1974. The decision of June 13, 1974, pursuant to that order, was rendered by the entire Board. To comply with due process, all that need be done is that members not present when testimony is taken review such testimony before an adjudication is published. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 521, 319 A. 2d 185 (1974). Appellant has made no showing that this standard was not complied with here. That such a result is "unlikely" is not sufficient.

Appellant argues conclusion No. 4, that appellant "by its conduct, has accepted the project" conflicts with conclusion No. 5 that appellant's failure to accept the project as completed caused appellee damages for delay. We find no conflict with the Board's well-supported conclusion that appellant's actions were sufficient for de

facto acceptance while, on the other hand, they refused to accept formally, causing appellee delays.

Appellant's remaining due process arguments relate to credibility of witnesses and suppression of evidence. As we stated in the foregoing discussion of our scope of review, we cannot substitute our discretion for that of the Board. It is their function to weigh the testimony of the witnesses. The decision of the Board reflects that they did in fact carefully weigh testimony of each of the witnesses on every count. We will not interfere when the Board has correctly performed one of its basic functions. Appellee then cites the exclusion of Exhibits 86, 87 and 88 as suppression of competent evidence. Our review of the record shows that these exhibits were not the best evidence of what they were offered to prove and that they were properly excluded on that basis by the Chairman. But even if they were wrongfully excluded, the evidence contained therein was the subject of the testimony of other of appellant's witnesses. Their contents, therefore, were before the Board as evidence and appellant could not have suffered any prejudice from their exclusion.

The appellant's final argument is that the Board's award of interest is without support under Pennsylvania law. With this assertion we must disagree. Judge BLATT, in *Commonwealth v. Berger et al.,* 11 Pa. Commonwealth Ct. 332, 312 A. 2d 100 (1973), completely and accurately summarized Pennsylvania's law on this point and concluded that "the Commonwealth is required to pay interest on awards made by the Board [of Arbitration of Claims]." *Berger, supra,* 11 Pa. Commonwealth Ct. at 347, 312 A. 2d at 108. This holding is controlling in the instant case.

Also contested by the appellant is the date from which interest accrued, April 1, 1970, some four years before the date of the award at issue here. *Berger, supra,* also held that the interest should be awarded from

the date on which the Commonwealth's obligation arose. In the instant case, the Board found, based on substantial evidence, that "for all practical purposes, the contract has been performed completely by [Loffredo]" and that the final building to be completed on the project (the Laundry Building) was completed on March 24, 1970. It is axiomatic that when a contract is fully performed, the obligation to pay for that performance would arise on the date of completion absent contractual terms to the contrary. The Board was justified in finding that the Commonwealth's obligation arose and interest therefor accrued on or after March 24, 1970, and could properly award interest commencing on the first day of the next month.

### ORDER

Now, November 29, 1974, it is ordered that the order of the Board of Arbitration of Claims, dated June 13, 1974, be and hereby is affirmed.

