Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Driscoll Construction Co., Inc., Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Arthur H. Marateck,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney Gen-

eral, and *Robert P. Kane,* Attorney General, for petitioner.

*Joseph J. Carlin,* with him *Harold J. Conner,* for respondent.

OPINION BY JUDGE ROGERS, January 13, 1978:

The Commonwealth's Department of Transportation (PennDOT) has filed a Petition for Review of a judgment rendered by the Board of Arbitration of Claims against it and in favor of Driscoll Construction Company, Inc. in the amount of $85,278.10 with interest from December 31, 1975.

Driscoll was awarded a contract for the construction of sewers under the Delaware Expressway in Philadelphia. The original bid proposal submitted to prospective bidders contained the following Special Requirement:

(4) *Unsuitable Material*—Where it is necessary, at the direction of the Engineer, to excavate unsuitable material and replace it with sand, stone, or rough board to provide a base for the placement of concrete, no payment will be made for such excavation below the approved limit of excavation shown on the drawings.

At a pre-bid conference a prospective bidder complained that the quoted provision was ambiguous and that it would allow PennDOT's engineer to require excavation and the supply of materials without limit and virtually without compensation. PennDOT agreed to the removal of this provision and it did not appear in the bid proposal finally used or in Driscoll's contract.

In the course of construction, Driscoll encountered an area in which the soil was, by its witnesses' de-

scription, "soupy, sloppy silt," unsuitable for pouring concrete sewers. After attempting unsuccessfully to dry the area by pumping, Driscoll excavated 1,722.-79 cubic yards of unsuitable soil which it replaced with 1,722.79 cubic yards of crushed stone at a cost of $85,-278.10.

Our scope of review in appeals from the Board of Arbitration of Claims is narrow. Section 8(c) of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-8(c), provides that: "The findings of the board [of Arbitration of Claims] as to the facts, if supported by substantial evidence, shall be conclusive." In *Santis Construction, Inc. v. Department of Transportation,* 25 Pa. Commonwealth Ct. 460, 462, 361 A. 2d 444, 445-46 (1976), we declared: "In appeals from Board orders, we are bound by the Board's findings of fact if such are supported by substantial evidence, and, if they are so supported, we must affirm the Board's order unless it violates applicable statutory and constitutional law."

PennDOT does not contend that the record does not support the Board's findings that Driscoll encountered unsuitable soil which it was required to excavate and replace with stone. It says that the Board erred by failing to conclude that a term of the contract requiring dewatering of the construction site in the Delaware river imported an obligation to remove and replace unsuitable material, despite the admitted fact that a provision spelling out this duty of the contractor had been removed from the final proposal at a prospective bidder's insistence. The circumstances clearly support the Board's explicit conclusion that the contract did not include the removal of unsuitable material and its replacement and that the contractor should be paid for this work as an extra.

PennDOT also raises a question based on a provision of the contract requiring a written order as a

condition to recovering for extra work. This issue was not raised in the proceedings before the Board of Arbitration of Claims and will not be considered here. *General State Authority v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974).

We affirm the judgment below.

ORDER

AND Now, this 13th day of January, 1978, the judgment entered by the Board of Arbitration of Claims in favor of Driscoll Construction Company, Inc. and against the Commonwealth of Pennsylvania, Department of Transportation, is affirmed.