Re: Appeal of Lillian Louise Smith from Real Property Assessment by the Board of Assessment Appeals of Huntingdon County Dated September 30, 1977 on Parcel No. 44-01-01. Lillian Louise Smith, Appellant.

Re: Appeal of Lillian Louise Smith from Real Property Assessment by the Board of Assessment Appeals of Huntingdon County Dated September 30, 1977 on Parcel No. 38-07-04. Lillian Louise Smith, Appellant.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Newton C. Taylor,* with him *Robert B. Stewart, III,* for appellant.

*A. Lynn Corcelius,* County Solicitor, for appellee.

OPINION BY JUDGE ROGERS, March 5, 1980:

We have consolidated the appeals of Lillian Louise Smith from orders of the Court of Common Pleas of Huntingdon County fixing the value of assessments

made by the Board of Assessment Appeals of Huntingdon County (Board) concerning two contiguous tracts owned by Smith. We affirm.

Assessments in Huntingdon County are governed by The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.101 et seq. Ms. Smith's properties were reassessed for the 1978 tax year as part of a county-wide reassessment of real estate conducted during 1976 and 1977. Notice of the new valuations was mailed to Ms. Smith on August 1, 1977. Ms. Smith appealed her assessments to the Board, as did more than 2500 other property owners. In order to hear all appeals within the time fixed by statute,[1] each of the three members of the Board conducted hearings. At the end of a day of hearings the members then convened and discussed and disposed of the appeals heard by each of them. Ms. Smith's hearing was held on September 27, 1977 and on September 30, 1977 she received written notification from the Board that her appeals had been denied. Upon timely appeals by Ms. Smith, the court below conducted a de novo hearing and entered orders fixing the same values and assessments as had the Board.

Ms. Smith contends here, as she did below, that her assessments are invalid by reason of procedural errors in the assessment process. First, Ms. Smith claims that the August 1, 1977 notice was defective because it fails to inform her clearly and unambiguously of her right to appeal her assessments to the Board. The notice states in pertinent part:

---

[1] Section 702 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, §702, *as amended,* 72 P.S. §5453.702 (Assessment Law), allowed the Board from September 1 to October 1 to complete the hearings. Section 3 of the Act of October 5, 1978, P.L. 1138 subsequently extended this period to October 31.

THE LAW PROVIDES THAT ANY PERSON AGGRIEVED BY SUCH CHANGE OR BY ANY ASSESSMENT, MAY APPEAL TO THE BOARD FOR RELIEF BY FILING WITH THE BOARD ON OR BEFORE THE FIRST DAY OF SEPTEMBER, A STATEMENT IN WRITING OF SUCH INTENTION TO APPEAL. FORM FOR APPEAL MAY BE OBTAINED AT THE 'OFFICE OF THE CHIEF ASSESSOR, COURT HOUSE, HUNTINGDON, PENNSYLVANIA' TO WHICH ADDRESS THE APPEAL SHOULD BE DIRECTED SO THAT NOTICE BE GIVEN OF THE PLACE WHERE AND TIME WHEN YOU SHOULD APPEAR FOR THE HEARING.

This language conformed to the requirements of the pertinent Section of the Assessment Law effect on August 1, 1977. *See* Section 701(a) of the Assessment Law, *as amended,* 72 P.S. §5453.701(a).[2] We perceive no ambiguity or lack of clarity in this notice. Ms. Smith herself seems not to have been mislead by the notice, for she in fact appealed to the Board before September 1, 1977.

Ms. Smith next claims that her hearing before the Board was defective because it was held before only one member of the Board. Nothing in the Assessment Law requires the hearing to be held before the full Board. The Assessment Law requires only that the Board "[h]ear and determine" appeals. Assessment Law, §302(3), *as amended,* 72 P.S. §5453.302(3). In *Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584,

---

[2] Section 3 of the Act of October 5, 1978, P.L. 1138 added the requirement that the notice must also state that the taxing district may also appeal and that the appeal, whether by an aggrieved person or by the hearing authority, must be filed within forty days of the date of the notice.

163 A.2d 80 (1960), the Pennsylvania Supreme Court held that identical language contained in Section 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-4, relating to the powers of the Board of Arbitration of Claims, does not require all members of the Board to attend hearings. This court has stated in the same context that "all that need be done is that members not present when testimony is taken review such testimony before an adjudication is published." *General State Authority v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 245, 328 A.2d 886, 892 (1974). Since it is undisputed in this case that the entire Board considered the evidence taken at Ms. Smith's hearing, the decisions were regularly made.

Ms. Smith also claims that the assessments were invalid because some of the about 2500 appealing property owners did not receive notice of the Board's decision within five days after their hearing, as required by Section 702 of the Assessment Law, 72 P.S. §5453.702. Ms. Smith received notice of the Board's determinations three days after her hearing. The fact, if it is a fact, that others did not receive timely notice did not adversely affect her and therefore provides her no basis for attacking her assessments. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 281 (1975).

Finally Ms. Smith says that due process requires that the notice of the Board's decision inform appealing property owners of their right to appeal to the Court of Common Pleas within sixty days. *See* Section 704 of the Assessment Law, *as amended,* 72 P.S. §5453.704. Nothing in the Assessment Law mandates such inclusion. Moreover, Ms. Smith has not suffered any injury from the lack of notice of her right to appeal since she did appeal to the lower court within the prescribed time limitation.

Orders affirmed.

596

### ORDER

AND Now, this 5th day of March, 1980, the orders of the Court of Common Pleas of Huntingdon County, Nos. 77-1926 and 77-1927 are affirmed.

President Judge BOWMAN did not participate in the decision in this case.