437 A.2d 965

### C. M. EICHENLAUB COMPANY, INC., Appellant,

v.

### FIDELITY & DEPOSIT COMPANY OF MARYLAND, and Cocivera Construction Company, Inc.,

v.

### Salvatore and Mary COCIVERA, his wife.

Superior Court of Pennsylvania.

Argued April 30, 1981.

Filed Nov. 30, 1981.

---

Theodore E. Breault, Pittsburgh, for appellant.

Michael J. Kearney, Jr., Pittsburgh, for appellees.

Before CERCONE, President Judge and BROSKY and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, C. M. Eichenlaub Company, Inc., a subcontractor, brought an action in assumpsit on July 10, 1979, against the general contractor, Cocivera Construction Company, and against Fidelity & Deposit Company of Maryland, the surety, seeking payment for labor and materials supplied pursuant to its subcontract agreement with the general contractor. Under the subcontract agreement, appellant was to provide factory built cabinets and other items for the Warminster Township Free Library. Cocivera Construction Company failed to defend and judgment by default in favor of appellant was entered. Fidelity, however, defended on the ground that appellant's suit was barred by the one year time limitation contained in the surety bond. The surety bond specifically provided that any action had to be brought within one year after the time the cause of action accrued.[1] Following an award of judgment to appellant by a board of arbitrators, Fidelity appealed to the Court of Common Pleas. After cross motions for summary judgment were filed, the court awarded summary judgment in favor of Fidelity, finding that the action had been untimely filed. It is from this order that appellant takes the present appeal. The sole issue raised by appellant is whether the lower court erred in granting Fidelity's motion for summary judgment based upon the expiration of the statute of limitations contained in Fidelity's surety bond. It is appellant's contention that the grant of summary judgment was improper since issues of fact existed as to whether or not the limitation of action provision had begun to run. The kernel issue which must be decided, then, is whether or not the cause of action had accrued for the running of the one year statute of limitation.

Generally, it is the breach of a duty which gives rise to a cause of action. *See Chittenholm v. Griffin*, 357 Pa. 616, 55 A.2d 324 (1947); *Bell v. Brady*, 346 Pa. 666, 31 A.2d 547 (1943). *See also Irrera v. Southeastern Pennsylvania*

---

1. It is well established that the parties may, by agreement, modify a statutory period of limitation. *See Insurance Co. of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971).

*Transportation Authority*, 231 Pa.Super 508, 517, 331 A.2d 705, 709 (1974). Where, as here, the liability of a surety is concerned, the provisions of the underlying contract must be examined, since the liability of a surety, such as Fidelity, commences only upon breach of the underlying contract. *See Plummer v. Wilson*, 322 Pa. 118, 185 A. 311 (1936); *In re Brock*, 312 Pa. 7, 166 A. 788 (1933); *Pgh. Construction Co. v. West Side Belt R. Co.*, 227 Pa. 90, 75 A. 1029 (1910). The provisions of the underlying May 24, 1976, contract between Cocivera and appellant in pertinent part provides:

> B.  The contract price shall be paid from time to time as the materials are delivered and the work progresses as follows:
>
> (4) Builder (Cocivera) shall be under no obligation to make any payments to contractor (appellant) for materials delivered or for work performed by contractor unless and until Builder is first paid for such materials and work by the owner (Warminster Township Free Library)

According to this contract term, Cocivera was not required to make any payment to appellant unless and until it had first been paid by the owner. Therefore, the cause of action could not accrue until Cocivera was paid by the owner, Warminster Township Free Library, and subsequently defaulted on his payment to appellant.

The record, however, is uncertain as to when, if at all, Warminster Library paid Cocivera Construction for work and materials supplied by appellant. Included among the papers submitted by Fidelity, there is a letter, dated March 7, 1978 from Doris Anderson, Vice-President of appellant company, to Fidelity requesting their assistance in collecting the remaining balance of $4,954 due appellant. In the letter Ms. Anderson wrote: "We have contacted the contractor several times asking for payment and in addition have been told by the architect that our portion of the contract has been approved and the money has been sent to the contractor." Appellant admitted the existence of such a letter. And, although it is not clear from the order, the lower court

apparently relied upon this March 7, 1978, letter for its holding that the action had accrued on or before March 7, 1978, and therefore, that appellant's complaint filed on July 10, 1979, was untimely. Such reliance was misplaced. This letter does not establish that the architect actually knew that payment had been made to Cocivera, that he had seen the check, that he knew whether the funds had passed, or whether he had merely been told by someone else that payment had been made. Thus, the letter is not probative of the *fact* of payment by the owner to Cocivera. Moreover, Fidelity admitted that final payment on the total job at Warminster Free Library had not been made by Warminster to Cocivera. Fidelity also admitted the existence and content of a letter, dated July 31, 1979, from counsel for Fidelity to counsel for appellant stating, "I am attempting to obtain, with the cooperation of Cocivera Construction Company, Inc., the release of the final payment on the Warminster Free Library Project so that your client, among others, can be paid." [2] With such conflicting evidence, it is uncertain whether or not Cocivera had been previously paid by Warminster for that portion of the work performed by appellant. Because a genuine issue as to a material fact exists, the grant of summary judgment was improper. *See* Pa.R.C.P. 1035. *See generally, Davis v. Pennzoil Co.*, 438 Pa. 194, 264 A.2d 597 (1970); *Hankin v. Mintz*, 276 Pa.Super. 538, 419 A.2d 588 (1980); *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971). As a movant for summary judgment, Fidelity failed to meet its burden of establishing payment by Warminster to Cocivera for work performed by appellant, which would have started the running of the one year statute of limitation.

Reversed and remanded to lower court for proceedings consistent with this opinion.

BROSKY, J., files a dissenting opinion.

2. This letter was included among the papers submitted by appellant.

BROSKY, Judge, dissenting:

I respectfully dissent. The majority holds that the liability of the surety, Fidelity, commenced only upon breach of the subcontract between appellant and Cocivera. Since the subcontract agreement provided that Cocivera was not required to make any payment to appellant unless and until it had first been paid by the owner, Warminster Township Free Library, the majority concludes that the cause of action here could not accrue until Cocivera Construction was paid by the Warminster Library and subsequently defaulted on its payment to appellant.

This conclusion rests upon the premise that the terms of the subcontract between appellant and Cocivera, and not of the payment and material bond issued by Fidelity pursuant to the contract for construction between Cocivera and the Library, control.

However, in this instance, appellant's right to sue Fidelity arose from the payment and material bond, which provides in part:

> The Principal and Surety further jointly and severally agree with the Owner herein that every person . . . who, whether as subcontractor or otherwise, has furnished material or supplied or performed labor in the prosecution of the work as above provided and who has not been paid, therefore, [sic] *may maintain an action to recover for the same against the Surety as named in the above mentioned contract,* prosecute the same to final judgment for such sum or sums as may be justly due him, he or it and have execution thereon . . . provided further that the action is brought within one year after the time the case [sic] of action accrued.

Accordingly, it is the terms of the bond which control here, since this is not a suit by appellant as subcontractor against the general contractor (Cocivera), but a suit by appellant as third party beneficiary against the surety (Fidelity). The bond does not condition the right to payment upon any conditions precedent, but merely provides that suit for payment must be brought within one year after the

cause of action accrued. In my view, a subcontractor suing under such a bond containing such language is entitled, in the absence of language to the contrary, to bring suit for payment upon completion of the work, assuming that the work was satisfactorily completed. In *Commonwealth of Pennsylvania, The General State Authority v. Loffredo*, 16 Pa.Cmwlth. 237, 247, 328 A.2d 886, 893 (1974), the court stated:

> It is axiomatic that when a contract is fully performed, the obligation to pay for that performance would arise on the date of completion absent contractual terms to the contrary.

Applying this principle to the facts of the case at hand, we hold that the cause of action accrued March 24, 1977, the day the last of the labor and materials was supplied.

The well-established rules of contract interpretation require that a written instrument must be construed most strongly against the maker. *Galligan v. Arovitch*, 421 Pa. 301, 219 A.2d 463 (1966); *Heidt v. Aughenbaugh Coal Co.*, 406 Pa. 188, 176 A.2d 400 (1962). Therefore, the bond must be strictly construed against Fidelity. Since the bond requires no conditions precedent to payment, suit for payment may be brought upon final completion of the work. Although the bond here does not require that the work be completed in a satisfactory manner, we believe that such requirement is consistent with the customary and usual practices of the construction industry. Here, Fidelity admitted that all of the work performed by appellant was completed in a satisfactory manner.

However, appellant's suit was not timely filed since it was filed after March 24, 1978. Fidelity, as the moving party here, was entitled to summary judgment as a matter of law. There is no genuine issue here as to any material fact, it being clear from the record that the last of the labor and material was supplied March 24, 1977. *Prince v. Pavoni*, 225 Pa.Super. 286, 302 A.2d 452 (1973). I, therefore, would hold that summary judgment was properly entered in favor of Fidelity. For these reasons, I must dissent.