Dennis O. Caldwell, Petitioner *v.* Clearfield County Children and Youth Services, Respondent.

Submitted on briefs March 15, 1984, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Cynthia Soult, Belin, Belin & Naddeo,* for petitioner.

*Alex E. Echard,* for respondent.

OPINION BY JUDGE DOYLE, June 4, 1984:

This is an appeal by Dennis O. Caldwell from an order of the State Civil Service Commission (Commission) which dismissed his appeal and sustained his removal from the position of Casework Supervisor II,

regular status, by the Clearfield County Children and Youth Services.

Caldwell was removed from his position with the Clearfield County Children and Youth Services by letter dated July 21, 1981. Caldwell appealed his removal and, by order dated September 24, 1981, the Commission ordered him reinstated with back pay, finding that he had not been afforded proper notice under Section 950 of the Civil Service Act.[1] By letter dated September 30, 1981, Caldwell was again removed from his position and appealed.[2] On January 7, 1982, a hearing was held before Mary D. Barnes, Chairman of the Commission. Commissioners Barnett and Bryan were not present at the hearing. By order dated July 29, 1982, the Commission, by agreement of a majority of its three members, dismissed Caldwell's appeal, finding that the appointing authority had sustained its burden to show just cause for Caldwell's dismissal.[3] Chairman Barnes dissented, indicating that she found Caldwell's testimony to be credible.

Before this Court, Caldwell argues that his rights to due process were violated in that the two commis-

---

[1] Act of August 5, 1941, P.L. 752, as amended, added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.950.

[2] At the request of the appointing authority, the Commission's September 24, 1981 order was stayed and consolidated with the appeal from the September 30, 1981 dismissal. The Commission found the appointing authority's attempt to rehabilitate the defective July 21, 1981 dismissal letter to be inadequate and ordered compliance with its September 24, 1981 order reinstating Caldwell with back pay and emoluments to September 30, 1981. The appointing authority did not appeal this portion of the Commission's order.

[3] The appointing authority bears the burden to show just cause for the removal of an employee. Bleilevens v. Pennsylvania State Civil Service Commission, 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973); see also Brown v. Department of Transportation, 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978).

sioners who rendered the majority opinion were not present at the hearing.

We have held that due process does not require that all the commissioners rendering a decision be present at the hearing; all that is required is that those not present review and consider the record before an adjudication is issued. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974); *Siegel v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 256, 305 A.2d 736 (1973); *see also, State Board of Funeral Directors v. Cieslak,* 24 Pa. Commonwealth Ct. 315, 355 A.2d 590 (1976); *General State Authority v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974). The Commission's opinion states that the testimony and all the exhibits were reviewed by all the commissioners and that briefs submitted by both parties were read and considered.

Caldwell urges that the majority commissioners found Caldwell's testimony to be not credible while dissenting commissioner Barnes found it to be credible, and argues that insofar as only Commissioner Barnes was present to observe Caldwell's demeanor, her determination as to credibility should control. We do not agree that the majority commissioners relied on a determination that Caldwell's testimony was not credible.[4] Rather, the opinion of the majority is clear that Caldwell's testimony and that of his witness was determined to be *insufficient* (even if credible) to refute the evidence establishing just cause presented by the appointing authority. In addition, we point out that while witness demeanor is an important consideration in determining credibility, it is not the only consideration, and administrative adjudicators are not

---

[4] The majority commissioners made no finding that Caldwell's testimony or that of his witness was not credible.

precluded from determining the credibility of testimony from the reading of a transcript. *See United States v. Vater*, 259 F.2d 667 (2d Cir. 1958) (demeanor evidence is an important but not always determinitive consideration); *see also, Robinson v. Robinson*, 183 Pa. Superior Ct. 574, 133 A.2d 259 (1957) (reviewing court not bound by master's determination but conclusions on credibility given fullest consideration).

### ORDER

Now, June 4, 1984, the decision and order of the State Civil Service Commission in the above referenced matter, dated July 29, 1982, is hereby affirmed.