# Vartani v. Board of Property Assessment, Appeals and Review of Allegheny County

C.P. of Allegheny County, no. GD99-15171.

*Kenneth D. Perkins*, for plaintiff.
*Craig C. Stephens*, for defendant.

WETTICK, *J.*, May 3, 2000—Plaintiff instituted this action to compel the Board of Property Assessment, Appeals and Review to alter its hearing procedures for assessment appeals.

Plaintiff is the owner of residential property located in Allegheny County. For the 1999 year, his property was assessed at $52,000. He filed an appeal to the board from this assessment in which he sought a reduction to $38,570. Plaintiff had purchased the property in late 1998 for $190,000 and the reduction that he sought was based on this purchase price.[1] Plaintiff's appeal was heard by a single member of the board. No record of the hearing was made. The board member recommended that the assessment not be changed.

At its August 3, 1999 meeting, the members of the board were furnished with a document titled "Listing of real estate appeal cases for board action" which included more than 300 appeals, including plaintiff's appeal. The listing showed that the current assessment of plaintiff's property was $52,000 and the adjusted value was also $52,000. One board member made a motion that the board approve the listings as submitted for each of the more than 300 appeals with the exception of a single appeal. The motion carried with five affirmative votes and two abstentions. There was apparently no discus-

---

1. As of 1999, the common level ratio for Allegheny County was 20.3 percent. Consequently, a property with a fair market value as of 1999 of $256,157 would have an assessed value of $52,000 and a property with a fair market value of $190,000 would have an assessed value of $38,570.

sion prior to the vote. On August 6, 1999, the board mailed a disposition of appeal which notified plaintiff's representative that the assessment had not been changed.

Except for commercial property and residential property with a high fair market value, it is the practice of the board to assign a single board member to hear an appeal from an assessment. Following the hearing, the board member completes and files a one-page document titled "appeal review." This appeal review is available to the other board members prior to their voting on the appeal.

In this lawsuit, plaintiff seeks the entry of a court order that abolishes this procedure under which only a single board member is familiar with the evidence supporting a tax assessment which is being appealed.

The initial issue that the parties have raised is whether a single board member may make a final decision on an appeal on behalf of the entire board. However, the board has never voted to adopt a procedure under which a single member may act on behalf of the board in an appeal of an assessment. The board, in fact, utilizes a procedure in which its decision is made through the vote of the entire board. Consequently, the board cannot assert that it has a procedure under which it authorizes a single board member to decide the appeal on behalf of the entire board.

Furthermore, the board would not have the power to delegate to a single board member the authority to decide an appeal. The assessment law governing second class counties provides that the "Board of Property Assessment, Appeals and Review" shall have the power and its duty shall be to hear all cases of appeals from assessments. 72 P.S. §5452.4(c). This law further provides that in any appeal of an assessment, the "board" shall make the following determinations: (1) current fair

market value for the tax year in question; (2) common level ratio; and (3) fair market value. 72 P.S. §5452.10(c).

Under common and accepted usage, authority conferred by statute on a board may be exercised only by a majority vote. A single board member is not the board and cannot act on behalf of the board in the absence of legislation permitting a single board member to do so. See Rule of Statutory Interpretation §1905 which states that words in the statute "conferring a joint authority upon three or more public officers or other persons shall be construed to confer authority upon a majority of such officers or persons." 1 Pa.C.S. §1905.

Nothing in the assessment legislation suggests that the legislature intended to permit a single board member to act on behalf of the entire board with respect to appeals from assessments. To the contrary, the authority of the board to hear appeals from assessments is contained in the same provision of the assessment law that authorizes the board to exercise the following powers that must be exercised by the full board: to make and supervise all assessments and valuations of all subjects of taxation; to establish a predetermined ratio; to use a current market value or to adopt a base year market value in arriving at actual value; to establish and maintain various records; and to perform and exercise such other powers and duties as may be conferred or imposed upon it by any act of assembly. 72 P.S. §5452.4.

Assuming that an appeal must be decided by a vote of a majority of the board members, the board contends that it has met this requirement. The recommendation of the individual board member is not binding until there is a board vote. Furthermore, board members do not vote

until they have had the opportunity to review the record which includes the "appeal review."

The case law is clear that a statute which provides for an appeal to be heard by a board does not impose a requirement that a majority of the board attend the evidentiary hearing.

In *Appeal of Smith*, 49 Pa. Commw. 591, 412 A.2d 184 (1980), Ms. Smith, along with more than 2,500 other property owners, appealed their assessments to the Board of Assessment Appeals of Huntingdon County. For these appeals, individual members of the board conducted the hearings. At the end of each day of hearings, the board members convened, discussed, and disposed of the appeals heard by each of them. Ms. Smith claimed that the statute provided for a hearing before the board and that her hearing was defective because it was held before only one member of the board. The court rejected this claim:

"Ms. Smith next claims that her hearing before the board was defective because it was held before only one member of the board. Nothing in the Assessment Law requires the hearing to be held before the full board. The Assessment Law requires only that the board '(h)ear and determine' appeals. Assessment Law, §302(3), as amended, 72 P.S. §5453.302(3). In *Foley Brothers Inc. v. Commonwealth*, 400 Pa. 584, 163 A.2d 80 (1960), the Pennsylvania Supreme Court held that identical language contained in section 4 of the Act of May 20, 1937, P.L. 728, as amended, 72 P.S. §4651-4, relating to the powers of the Board of Arbitration of Claims, does not require all members of the board to attend hearings. This court has stated in the same context that 'all that need be done is that members not present when testimony is taken review such testimony before an adjudication is pub-

lished.' *General State Authority v. Loffredo,* 16 Pa. Commw. 237, 245, 328 A.2d 886, 892 (1974). Since it is undisputed in this case that the entire board considered the evidence taken at Ms. Smith's hearing, the decisions were regularly made." *Appeal of Smith,* 49 Pa. Commw. at 594-95, 412 A.2d at 185.

In *Caldwell v. Clearfield County Children and Youth Services,* 83 Pa. Commw. 49, 476 A.2d 996 (1984), the statute permitted an employee to appeal his termination to a three-member State Civil Service Commission. A hearing was held before a single commission member. The other two members were not present. Following the hearing, the commission by a 2-1 vote dismissed the employee's appeal. The commissioner who was present at the hearing dissented, indicating that she found the employee's testimony to be credible.

The court held that:

"Before this court, Caldwell argues that his rights to due process were violated in that the two commissioners who rendered the majority opinion were not present at the hearing.

"We have held that due process does not require that all the commissioners rendering a decision be present at the hearing; all that is required is that those not present review and consider the record before an adjudication is issued. *Fleming v. State Civil Service Commission,* 13 Pa. Commw. 421, 319 A.2d 185 (1974); *Siegel v. Civil Service Commission,* 9 Pa. Commw. 256, 305 A.2d 736 (1973); see also, *State Board of Funeral Directors v. Cieslak,* 24 Pa. Commw. 315, 355 A.2d 590 (1976); *General State Authority v. Loffredo,* 16 Pa. Commw. 237, 328 A.2d 886 (1974). The commission's opinion states that the testimony and all the exhibits were reviewed by

all the commissioners and that briefs submitted by both parties were read and considered." *Caldwell,* 83 Pa. Commw. at 50-51, 476 A.2d at 996.

The court rejected the employee's argument that the majority's determination as to credibility could not control because they were not present to observe the employee's demeanor. It pointed out that administrative adjudicators are not precluded from determining the credibility of testimony from a reading of the transcript.

In *Penzenstadler v. Avonworth School District,* 43 Pa. Commw. 571, 403 A.2d 621 (1979), the school board, through a unanimous vote, sustained the suspension of a tenured professional employee. The professional employee argued that the suspension should be set aside because only four of the nine school board members attended the hearing at which evidence was presented. The Commonwealth Court rejected the argument, stating that neither due process nor the applicable legislation requires those who finally vote on the status of a teacher to have had direct aural reception of all of the evidence. The only requirement is that the board members give full consideration to the testimony presented at the hearing. The court said that the references to the notes of testimony in the findings of fact unanimously adopted by the board indicate that the board gave full consideration to the testimony presented at the hearing.

Where a statute provides for a decision by a board or a commission, each of the three cases cited above (as well as the cases upon which these cases rely) requires that each board member voting on the appeal, be in a position to independently evaluate the evidence presented at the hearing. If this requirement is not met, the board or commission has not fulfilled its statutory obligations.

In *FR&S Inc. v. Pennsylvania Department of Environmental Resources*, 113 Pa. Commw. 576, 537 A.2d 957 (1988), *aff'd*, 522 Pa. 114, 560 A.2d 128 (1989) (per curiam), the court rejected the argument of a landfill operator that the adjudication of the Environmental Hearing Board must be set aside because a majority of the decision-makers had not heard the evidence. However, it vacated the adjudication because one of the two voting members had not examined "the prime source of the facts—the testimony and exhibits." *Id.* at 591, 537 A.2d at 964. The court stated:

"With respect to the adjudicative duties of members of administrative agencies, two major premises are clear. First, in a multimember agency, where there is authorized machinery to permit fewer than all of the agency members, or a hearing officer appointed for the purpose, to hear and receive the evidence, there is no requirement that all of the decision-makers must sit in upon the evidentiary proceedings. This court has confirmed the point several times. . . .

"However, equally well settled is the principle that decision-makers, if not present at the taking of evidence, must give specific consideration to the testimony and exhibits by reading and examining the same. In *PennDOT v. Human Relations Commission*, 510 Pa. 401, 407, 508 A.2d 1187, 1189-90 (1986), the Supreme Court stated:

"We do not agree that the requirement that the full commission review the recommended findings, conclusions, and order, is satisfied by a vacuous review of the recommendations. The conclusions and order must be based on the findings of fact. No meaningful review of the findings of fact can be made without reference to the record. In order to properly review findings of fact, the

record from which they are derived must be examined in order to determine if the findings are based on substantial evidence. To merely read the findings without examining the record in order to determine if those findings are supported is not to 'review' those findings within the meaning and effect that tribunals regularly perform reviewing constructions." *FR&S Inc.*, 113 Pa. Commw. at 588-89, 537 A.2d at 963. (citations omitted)

The board argues that its members are in a position to make an independent judgment on the merits of each appeal because prior to their vote they are expected to have reviewed the entire file including the "appeal review." As part of the record in this case, the parties have submitted 25 randomly selected files for me to review. It is not possible for me to make an independent judgment as to the merits of any of the 25 appeals from a review of these files. The files do not contain the testimony of the parties. They do not contain any findings of fact. At the most, they contain a three to five word rationale for the individual board member's decision.[2]

At the trial of this case, the board offered evidence which clearly establishes that because of the large number of appeals, it would not be possible for each appeal to be heard by the entire board. However, as I stated, the law does not impose such a requirement. It does, however, impose a requirement that board members who are not present at the hearing be furnished with or have access to a record that includes a transcript of the hearing with exhibits that were offered into evidence.

---

2. Attached to this opinion is the appeal form that plaintiff filed in this case (exhibit 1) and the appeal review (exhibit 2). [Not published here.]

In order to satisfy this requirement, the court order that I am entering will require that a tape recording be made of each hearing of an appeal, and that a transcript based upon the recording be made available to each board member. However, my court order will not preclude the board from adopting, with court approval, an alternative procedure.

## ORDER

On May 3, 2000, it is hereby adjudged and decreed that:

(1) all appeals to the Board of Property Assessment, Appeals and Review of Allegheny County from tax assessments that are heard by less than the full board shall be recorded and transcribed;

(2) board members shall not vote on an assessment appeal until at least five days after a transcript of the hearing, together with exhibits, has been made available to each member of the board for his or her review;

(3) the board may seek court permission to implement other procedures, in lieu of the procedures set forth in paragraphs 1 and 2, that are consistent with the opinion accompanying this court order;

(4) the August 1999 decision of the Board of Property Assessment, Appeals and Review rendered in plaintiff's appeal is vacated and within 60 days the board shall schedule a new hearing of this appeal which complies with this court order; and

(5) the provisions of paragraphs (1) and (2) shall apply to any existing appeals for which a hearing date is not yet scheduled or for which a hearing date is scheduled after May 31, 2000.