### Chittenholm, Appellant, *v.* Giffin, Appellant, et ux.

Argued October 3, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John E. Evans, Sr.,* with him *Evans, Ivory & Evans,* for plaintiff.

*Joseph R. Doherty,* with him *McCloskey, Best & Leslie,* for defendant.

OPINION BY MR. JUSTICE DREW, November 10, 1947:

This is an action in assumpsit for an agreed sum on an account stated. The jury returned a verdict for plaintiff, Charles Chittenholm, and against defendant, S. E. Giffin, for the full amount claimed. After argument, the learned court below refused defendant's motion for judgment *non obstante veredicto;* but granted his motion for a new trial, assigning as the sole reason therefor that the trial judge had not properly or adequately instructed the jury as to the statute of limitations. Both parties appealed—plaintiff contending that it was error to grant a new trial inasmuch as the court's charge was entirely accurate and adequate; and defendant contending that plaintiff's action was barred by the statute of limitations, and therefore, the court erred

in not entering judgment in defendant's favor, notwithstanding the verdict.

Viewing the testimony in the light most favorable to plaintiff, as must be done in considering defendant's motion for judgment under these circumstances, the following facts appear: Plaintiff and defendant entered into a written contract on May 4, 1927, under which they proposed to build houses on certain lots in Allegheny County owned by defendant. For this purpose, plaintiff was to act as general contractor, to let all contracts, buy all materials and employ, direct and discharge all labor. Defendant was to provide the land and all the money necessary for the operation, and also was to pay plaintiff $50 a week for his services in supervising the construction. The contract also provided that upon completion, the houses were to be sold and the net profits if any divided equally between the parties. Only one house was erected, and that was completed in March, 1928. It was not sold as agreed and defendant and his wife moved into it, and have resided there ever since. During the construction, plaintiff advanced moneys of his own in defendant's behalf for certain labor and materials used in the building. Plaintiff was not reimbursed for these advances, nor was he paid the agreed sum of $50 a week for supervision of the work. Defendant paid out of his own funds on obligations which he claimed were those of plaintiff and in no way connected with the erection of the dwelling. Thereafter, plaintiff and defendant had several meetings in order to effect a settlement of the amount due the former by the latter. Finally, on November 23, 1932, they entered into the following written agreement: "It is mutually agreed by the undersigned that the amount due Charley Chittenholm to this date covering personal cash invested and wages as Contractor during the construction of 7 room dwelling at . . . [44 Brucewood Drive, Mt. Lebanon, Pa.], is the total sum of—$5,908.24 and as per agreement between S. E. Giffin and Charley Chittenholm, *he*

*is to be reimbursed on this basis when the aforesaid dwelling is sold."* (Italics added). Defendant, his wife and plaintiff signed the agreement. On September 16, 1937, defendant paid plaintiff $300 on account of the balance stated in the writing. He has paid plaintiff nothing since, nor has he sold the dwelling.

On December 21, 1944, plaintiff filed a bill in equity against defendant and his wife for an accounting. The bill averred that the agreement of May 4, 1927, created a partnership among the parties. The chancellor, after hearing, found that no partnership existed, and referred the matter to the law side of the court. There the case was tried on the theory that it was a suit in assumpsit on an account stated and agreed to on November 23, 1932, for $5,908.24, less the part payment of $300, with interest. At the conclusion of the testimony, binding instructions were granted as to defendant's wife, and plaintiff does not here contest that action.

It seems entirely clear that defendant's contention, that the learned court below committed error in not granting judgment n. o. v. in his favor, is without merit. On the facts here presented, the question whether or not plaintiff's claim was barred by the statute of limitations was one for the jury.

The account upon which the action is based, was stated on November 23, 1932, the only payment made thereon was on September 16, 1937, and suit was not brought until December 21, 1944. However, the account stated and agreed to by the parties specifically provided that plaintiff was not to be paid until the "dwelling is sold". The dwelling was never sold. It is well settled that it is the breach of duty that gives rise to the cause of action and also starts the running of the statute of limitations: *Ebbert v. Plymouth Oil Co.,* 348 Pa. 129, 34 A. 2d 493, and cases cited. However, the statute generally does not begin running against the enforcement of a contract depending upon the condition precedent until such condition has been performed: *Tonkin v.*

*Baum,* 114 Pa. 414, 7 A. 185. Where, as here, the time for doing an act, necessarily precedent to bringing suit is indefinite, the law allows only a reasonable time: *Tasin v. Bastress,* 268 Pa. 85, 110 A. 744.

In the instant case, the testimony as to the reason why the dwelling was never sold was in sharp conflict. Therefore, what was a reasonable time for defendant to have sold the property was a question of fact for the jury, upon the evidence under instructions from the court. See *Gallagher v. Silver Brook Coal Co.,* 61 Pa. Superior Ct. 1.

It was not error to grant a new trial. It is obvious that the charge of the learned trial judge was incorrect and inadequate under the facts presented. At the conclusion of the charge, counsel for defendant requested the trial judge to charge "that it was the duty of the plaintiff to proceed on his claim within a reasonable time and that the question whether or not this is a claim barred by the Statute of Limitations is one for the jury." The learned judge then responded as follows: "Members of the jury, that is not the law. The question as to when the plaintiff should have proceeded is a question of law for the court to decide but since the defendant has asked for you to say when was the reasonable time at which this plaintiff should have proceeded I am perfectly agreeable for you to say so. If he delayed six years beyond that time he should have reasonably demanded this house be sold then your verdict should be for the defendant." With regard to this portion of the charge, the learned court en banc correctly said: "This was error. The response begins with an inaccurate statement of the law and although what follows submits the question to the jury as requested the words used supply no adequate instructions and in effect suggest to the jury that it is a matter of little importance."

We find no merit in the assignments of error of appellants, and they must all be overruled.

Orders affirmed.