**PENNS CREEK MUNICIPAL AUTHORITY to use of KEASBEY & MATTISON CO.**

v.

**MARYLAND CAS. CO.**

Civ. A. No. 4774.

United States District Court
M. D. Pennsylvania.
April 28, 1954.

**550**

Horace W. Vought, Middleburg, Pa., Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for plaintiff.

J. M. McCandless, Pittsburgh, Pa., Carl Rice, Witmer & Rice, Sunbury, Pa., for defendant.

FOLLMER, District Judge.

The complaint alleges that the Penns Creek Municipal Authority, authorized under the Municipal Authorities Act of 1945, 53 P.S. § 2900z–1 et seq., contracted with the West Shore Construction Corporation for the construction of a water supply and distribution system for the town of Penns Creek, Pennsylvania; that the defendant, Maryland Casualty Company, executed a labor and material bond to the said authority in connection with said contract; that Keasbey & Mattison, the use plaintiff, delivered materials to the West Shore Construction Corporation for this construction and that payment has not been made therefor. Defendant contends that on the basis of exhibits attached to the complaint the last materials were furnished on June 13, 1952; that the bond provides " * * * every such suit shall be commenced not later than one year from the date when the cause of action accrued", and the action having been instituted on August 14, 1953, invokes the Statute of Limitations and moves to dismiss.

The Municipal Authorities Act of 1945, 53 P.S. § 2900z–11, subd. A, provides, inter alia, that "No contract shall be entered into for construction or improvement or repair of any project or portion thereof, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract. All such contracts shall provide among other things that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking, as though such person or corporation was named therein, *provided the action is brought within one year after the time the cause of action accrued.*" (Emphasis supplied.) The question is, when did the cause of action accrue?

The general rule is well stated in 54 C.J.S., Limitations of Actions, § 109, as follows: "In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises, or when there is a demand capable of present enforcement, or when there is a remedy avail-

able; and whenever one person may sue another a cause of action has accrued and the statute of limitations begins to run, but not until that time. So, whether at law or in equity, the cause of action arises when, and only when, the aggrieved person has the right to apply to the proper tribunal for relief. The statute does not attach to a claim for which there is no right of action, and does not run against a right for which there is no corresponding remedy or for which judgment cannot be obtained. The true test, therefore, to determine when a cause of action has accrued is to ascertain the time when plaintiff could first have maintained his action to a successful result, regardless of the time when actual damage results; the fact that he might previously have brought a premature or groundless action is immaterial. * * *" The law of Pennsylvania is in accord. In New York & Pennsylvania Co. v. New York Central R. Co., 300 Pa. 242, 245–246, 150 A. 480, 481, the Supreme Court of Pennsylvania speaks of " * * * the well-known rule that the time specified in a statute of limitations does not begin to run until there is an existing right to sue forthwith, * * *." In Philadelphia, B. & W. R. Co. v. Quaker City Flour Mills Co., 282 Pa. 362, 367, 127 A. 845, 847, it said "A cause of action accrues at the moment the party has a legal right to sue." Again in Bell v. Brady, 346 Pa. 666, 669, 31 A.2d 547, 549, it said " * * * a cause of action accrues only when one has the right to institute a suit * * *."[1]

Since the bond provides that no such suit shall be commenced prior to ninety days from the date upon which the last of the material or labor for which the claim is made was furnished, supplied or performed, it follows no such suit could have been commenced prior to September 1952, on the basis of defendant's contention that the last materials were furnished on June 13, 1952,

and consequently the action was instituted within "one year from the date when the cause of action accrued."

The motion to dismiss the complaint must be accordingly denied.

---

1. See also Reich v. Van Dyke, 3 Cir., 107 F.2d 682; Chittenholm v. Giffin, 357 Pa. 616, 55 A.2d 324.