559 A.2d 516

**CENTRE CONCRETE COMPANY, a corporation, Appellant,**

v.

**AGI, INC. and Insurance Company of North America, Appellees.**

Supreme Court of Pennsylvania.

Argued March 8, 1989.

Decided May 31, 1989.

Gilbert E. Caroff, David J. Kaltenbaugh, Johnstown, for appellant.

Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for Ins. Co. of North America.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This case concerns a statute of limitations defense. It raises the question of whether the limitations period is extended by a statute that bars suit on certain contracts during the first ninety days after payment is due thereon. The Commonwealth Court held that the limitations period is not extended in these circumstances, but that it runs from the date of breach. We think that this is unjust and contrary to the law in Pennsylvania and the law as applied across the country.

The germane facts in this case are as follows: Appellee, AGI, Inc. ("AGI") was awarded a road construction contract with the Commonwealth of Pennsylvania. AGI, the general contractor, then contracted with Appellant, Centre Concrete Company, to provide raw materials for use in the project. The final delivery date of the materials supplied by Appellant was October 21, 1982. The amount AGI owed for the materials was in excess of $26,000.00 and this debt was never paid. Appellee, Insurance Company of North America ("INA") was the surety for AGI, the general contractor. The Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, 8 P.S. §§ 191–202, specifically section 4(a) thereof (8 P.S. § 194(a)), provides:

(a) Subject to the provisions of subsection (b) hereof, any claimant who has performed labor or furnished material in the prosecution of the work provided for in any contract for which a payment bond has been given, pursuant to the provisions of subsection (a) of section 3 of this act, and who has not been paid in full therefor before the expiration of ninety days after the day on which such claimant performed the last of such labor or furnished

the last of such materials for which he claims payments, may bring an action on such payment bond in his own name, in assumpsit, to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment.

As a result of this section, Appellant was not permitted to bring an action against the surety, INA, until the general contractor, AGI, had failed to pay for ninety (90) days. The ninetieth day in this case would have been January 19, 1983, ninety days from the last date materials were supplied by Appellant. The next day, January 20, 1983, was the earliest day upon which they could have brought suit. On January 11, 1983, Appellant submitted this claim to INA, the surety. INA never responded to the claim until *after* they calculated that the statute of limitations had run.

Under date of December 2, 1983, INA wrote to Appellant and stated:

Under Pennsylvania law you were required to file suit within one year from the last day you performed work or supplied material on the project ... [T]he last date you furnished labor, material or supplies and services in connection with the job was on October 21, 1982. Consequently, we are not in a position to honor your claim.

Appellant thereupon immediately commenced suit against AGI and INA on December 2, 1983, by the filing of a praecipe for a writ of summons. In new matter INA pleaded the statute of limitations defense and moved for judgment on the pleadings. This motion was denied by the trial court but that court certified the question to permit appellate review of their interlocutory order. The Commonwealth Court granted permission for appeal and reversed the order of the trial court. 107 Pa.Cmwlth. 326, 528 A.2d 685.

INA's initial defense rested on the language of section 7(b) of the Bond Law, 8 P.S. § 197, which had required that suits be initiated within one year of the last supply date. However, in 1978 this section was repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S.

§ 20001–20004, and it was replaced by what are now sections 5523(3) and 5502(a) of the Judicial Code, which provide:

The following actions and proceedings must be commenced within one year: ... (3) An action upon any payment or performance bond.

42 Pa.C.S.A. § 5523(3).

[T]he time within which a matter must be commenced under this chapter shall be computed, ... from the time the cause of action accrued, the criminal defense was committed, or the right of appeal arose.

42 Pa.C.S.A. § 5502(a).

Appellant argued that their cause of action did not accrue until they were able to bring suit, which would have been on the ninety-first day after the last date of delivery of materials. The Commonwealth Court rejected this argument.

As set forth in Appellant's Petition for Allowance of Appeal to this Court, it is obvious from the pleadings considered by the trial court that Appellant proceeded in an orderly and business-like fashion by first submitting their claim to INA before rushing to the courthouse. We granted review and now reverse.

In *Bell v. Brady*, 346 Pa. 666, 31 A.2d 547 (1943), this Court held that "a cause of action accrues only when one has the right to institute a suit," 31 A.2d at 549. Normally, one has the right to institute a suit when a wrong has been done, a duty has been breached, or an injury has been inflicted. See, *Guida v. Giller*, 406 Pa. 111, 176 A.2d 903 (1962); *Foley v. Pittsburgh–Des Moines Co.*, 363 Pa. 1, 68 A.2d 517 (1949); *Chittenholm v. Giffin*, 357 Pa. 616, 55 A.2d 324 (1947). It may sometimes be difficult to determine at just what point in time an injury has occurred or a duty has been breached. See, *Sicola v. First National Bank of Altoona*, 404 Pa. 18, 170 A.2d 584, 87 A.L.R.2d 1044 (1961). Nonetheless, at whatever point in time the wrong was completed, the wronged party's cause of action ordinarily accrues at that point in time, and the statute of limitations

begins to run therefrom. That cannot be the case, however, where, as here, even though the wrong has been done, the aggrieved party must, by statute, wait some period of time (and sometimes also make a formal demand or perform some other act) before being granted access to the courts. One does not have the "right" to institute a suit if, by statute, the courts cannot hear it. The contrary result would be unfair and unjust and would undermine the intent of the legislature to provide a fixed period of time within which suits may be brought, free of unexpected and unforeseeable shrinkage. In this connection, see, *Bond v. Gallen*, 469 A.2d 556, 503 Pa. 286 (1983).

We, therefore, hold that Appellant had one year from the expiration of the statutory ninety day waiting period to bring suit against INA.

Our holding is in accord with the law across the country. *Unless a statute provides otherwise, the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, which occurs as soon as the right to institute and maintain a suit arises.*

The general rule, as embodied in most statutes, is that, unless a statute specifically provides otherwise, as, for example, a statute specifically providing that the statute of limitations shall run from a particular event which may precede the time where the liability actually arises, the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, and only at such time, that is, as soon as the right to institute and maintain a suit arises, or when there is a demand capable of present enforcement. An action may accrue at the time of a wrongful act, although the limitations period does not always begin on the date the wrong is committed.

\*    \*    \*    \*    \*    \*

54 C.J.S. Limitations of Actions, § 81 (footnotes and case citations omitted.)

See also, 54 C.J.S. Limitations of Actions, § 93. In *Young v. City of Seattle*, 191 P.2d 273, 30 Wash.2d 357, 3 A.L.R.2d 704 (1948), the Supreme Court of the State of Washington considered a city charter provision requiring that claims for damages against the City be presented within thirty days after the happening of the tortious event and that no suit could be instituted until sixty days after the presentation of the claim. That distinguished Court held the charter provision to be valid and that it had the effect of delaying the date on which plaintiffs' cause of action first accrued under a three year state statute of limitations. The court quoted 1 Wood on Limitations, 4th Ed., 684, § 122a:

Statutes of limitation commence to run against a cause of action from the time it accrues, or from the time when the holder thereof has the right to apply to the court for relief, and to commence proceedings to enforce his rights. The time when a cause of action has accrued within the statutes of limitations means the time when plaintiff first became entitled to sue.

We therefore hold that a statutorily imposed time ban against filing suit acts as a toll on the applicable statute of limitations which does not begin to run until the expiration of the banned period. In this case, the ninety day ban to filing suit delayed the commencement of the one year statute of limitations until January 20, 1983 and the commencement of the action on December 2, 1983 was timely.

Reversed.

FLAHERTY, J. files a dissenting opinion in which NIX, C.J., joins.

FLAHERTY, Justice, dissenting.

I respectfully dissent.

This case concerns the statute of limitations. It raises the question whether the limitations period is implicitly extended by a statute which bars suits on certain contracts during the first ninety days after payment is due under the

contract.[1] The Commonwealth Court held that the limitation period is not extended, but that it runs from the date of breach. That decision is correct.

AGI, Inc., was awarded a road construction contract by the Department of Transportation. The Insurance Company of North America (INA) issued to AGI a payment bond, required by section 3(a)(2) of the Public Works Contractors' Bond Law of 1967 (Bond Law), Act of December 20, 1967, P.L. 869, 8 P.S. § 193(a)(2). AGI contracted with Centre Concrete Co. to supply materials for the project. On October 21, 1982, Centre made its final delivery to AGI. On that date AGI owed Centre $26,114.75 for materials supplied; AGI has not paid.

On January 11, 1983, Centre submitted its claims to INA. Almost a year later, on December 2, INA wrote to Centre, denying liability on the claim because the one year statute of limitations [2] had run. Centre then filed suit against AGI and INA on the bond on December 2, 1983. INA raised the affirmative defense that the suit was time-barred and moved for a judgment on the pleadings. The trial court denied the motion, but certified the issue for interlocutory review. The trial court held that the statute of limitations

1. The statute provides:
   (a) Subject to the provisions of subsection (b) hereof, any claimant who has performed labor or furnished material in the prosecution of the work provided for in any contract for which a payment bond has been given, pursuant to the provisions of subsection (a) of section 3 of this act, and who has not been paid in full therefor before the expiration of ninety days after the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payments, may bring an action on such payment bond in his own name, in assumpsit, to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment.
   8 P.S. § 194(a).

2. The relevant portions of the limitations acts provide:
   "The time within which a matter must be commenced under this chapter shall be computed, except as otherwise provided by subsection (b) or any other provision of this chapter, from the time the cause of action accrued...." 42 Pa.C.S.A. § 5502(a).
   "The following actions must be commenced within one year: ... an action upon any payment or performance bond." 42 Pa.C.S.A. § 5523(3).

began to run on the date the cause of action "accrued." It ruled that the cause "accrued" not on the date when Centre had fully performed its duties under the contract, but ninety days later, on the first date that Centre could legally file suit on its claim.

The Commonwealth Court reversed. It rested decision on the common understanding that a surety's obligation on its bond depends on the terms of the bond. The bond provides:

> The PRINCIPAL and SURETY hereby, jointly and severally, agree with the obligee [Commonwealth] herein that any ... corporation, which has performed labor or furnished material in the prosecution of the work as provided, ... and which has not been paid in full therefor, may sue in assumpsit on this Payment Bond in ... its own name and may prosecute the same to final judgment for such sum or sums as may be justly due....

The Commonwealth Court read this language to accept the general principle that the subcontractor's cause of action accrued on the date it completed the performance of its contractual duties, not on the later date when it could first bring suit. On this understanding, the court held that the statute started to run in October, 1982, and it ran out in October of 1983.

Centre claims that the Commonwealth Court erred in its determination of when the cause of action accrued. It relies primarily on *Bond v. Gallen*, 503 Pa. 286, 289, 469 A.2d 556, 558 (1983). *Bond* involved the $750 threshold requirement of the No–Fault Motor Vehicle Insurance Act in connection with the two-year tort limitations period, 42 Pa.C.S.A. § 5524(2). We held that the statute of limitations for suits under the Act began to rum from the date when the $750 expense requirement was met rather than from the date of the accident. But *Bond* rested on two factors which are not present in this case. First, under the No–Fault Act, there was no cause of action until the $750 threshold was met. Here, the statute delays the time when a suit may first be brought, but it does not expressly deal with the accrual of the cause of action. Second, in *Bond*, we were

concerned that in some cases the accumulation of the $750 threshold amount might be unduly delayed, leaving little or no time to bring suit if the statute were deemed to run from the date of the injury. Here, by contrast, the statutory delay in the commencement of suit is for a definite, ninety day period. There is no concern about whether a plaintiff will have a reasonable time to begin his suit before the limitation period runs out.

Centre also relied on a series of cases which held that a cause of action on a surety bond did not accrue until the claimant satisfied the conditions precedent to suit which were specified in the pertinent contracts. *Penns Creek Municipal Authority v. Maryland Casualty Co.*, 120 F.Supp. 549 (M.D.Pa.1954) (bond provision barring suit within ninety days from the last day when labor or materials were furnished held to delay accrual of cause of action for the ninety day period); *C.M. Eichenlaub Co. v. Fidelity and Deposit Co.*, 293 Pa.Super. 11, 437 A.2d 965 (1981) (contract only required general contractor to pay subcontractor when the general contractor was paid by the owner; held that this provision specified the time the cause of action accrued); *Travelers Indemnity Co. v. Rexnord, Inc.*, 37 Pa.Commwlth. 20, 389 A.2d 246 (1978).

Those cases do not affect the propriety of the Commonwealth's Court's ruling. They rely on conventional rules under the statute of limitations. Those rules declare that the terms of a contract, including terms which expressly establish conditions precedent to bringing suit, determine when a cause of action accrues. In this case there was no express *contractual* condition precedent to Centre's suit. The pertinent rule declares that Centre's cause of action accrued when it completed its performance under the contract, in October, 1982. The interposition of a statutory ninety day waiting period is not the equivalent of a similar, express condition in a private contract.

NIX, C.J., joins this dissenting opinion.