## Chiafullo v. Ohio Casualty Group of Insurance Companies

*William Panella,* for plaintiff.
*Marshall J. Conn,* for defendant.

McCRACKEN, *P.J.,* October 21, 1991—This is an action by a subcontractor on a payment bond in which the defendant-surety has moved for judgment on the pleadings claiming that the one-year period of limitations prescribed by 42 Pa.C.S. §5523 had expired prior to the commencement of this action on March 6, 1990. We must resolve this issue by determining when the subcontractor's cause of action on the payment bond arose.

The plaintiff, a painting contractor, supplied labor and materials to the James Ambrose Construction Company, a general contractor, for the construction of the Walnut Ridge Housing Project in Ellwood City. Ambrose and the defendant insurer furnished a payment bond for the protection of subcontractors and other suppliers of labor and materials on the project. In May of 1988, the plaintiff submitted a final statement to Ambrose for all painting and staining work done at Walnut Ridge. The total value of the completed work was $13,500 of which Ambrose had paid only $2,500 by December of 1987, leaving a balance of $11,000 due. According to the complaint, Ambrose was placed in default on March 14, 1989, without having paid its debt to the plaintiff. On the theory that the defendant has assumed responsibility for the completion of the project and the payment of such sums as are due and owing to subcontractors, the plaintiff has brought this action.

The defendant, in its answer, states that it did not place Ambrose in default of its performance, but that this was done by the Lawrence County Housing Authority, the owner of the project. More significantly for our purposes, the defendant raises as new matter the defense of the statute of limitations which requires that an action on a payment bond or a performance bond be brought within one year from the time the cause of action accrues. See 42 Pa.C.S. §5502.

The issue of whether the one-year statute of limitations bars this action is to be resolved by determining when the plaintiff-subcontractor first had the right to bring suit against the defendant-surety on the payment bond. The defendant maintains that the period of time must be computed from May of 1988 when, according to the record, the plaintiff submitted its final statement

to Ambrose. According to the Public Work Contractors' Bond Law of 1967, a subcontractor who has provided labor or material for a public project for which a payment bond has been given and has not been paid in full before the expiration of 90 days after performing the last of the work for which payments are claimed may sue the surety in assumpsit on the payment bond. This means, according to our Supreme Court in *Centre Concrete Co. v. AGI Inc.*, 522 Pa. 27, 559 A.2d 516 (1989) reversing *Insurance Company of North America v. Centre Concrete Company* 107 Pa. Commw. 326, 528 A.2d 685 (1987), that the unpaid subcontractor's cause of action accrues 90 days after completing the job. From that point the subcontractor has one year, under 42 Pa.C.S. §5523(3), to sue the surety on the payment bond. If we assume in this case that the plaintiff finished working on the Walnut Ridge Project in May of 1988 (as implied in the final statement to the general contractor attached to the complaint as exhibit A) then, the cause of action would have accrued at some point in August of that year, thus giving the plaintiff until August of 1989 to bring this action. We note, however, that the plaintiff's reply to the defendant's new matter indicates that the plaintiff's work was completed on October 9, 1987. This would mean under the defendant's theory that the plaintiff's cause of action accrued on January 7, 1988, and hence that the statute of limitations expired on January 7, 1989. In either event, this action, not brought until March 6, 1990, is time-barred.

The plaintiff seeks to avoid this result by arguing that the cause of action did not arise until March 14, 1989, the date that the general contractor defaulted. In support of this theory, the plaintiff submits two letters from the solicitor for the Lawrence County Housing

Authority, one dated April 18, 1989, advising Ohio Casualty that Ambrose was in default of performance, and another dated May 22, 1989, advising Ambrose that it was now in default. Setting aside the fact that these letters, not being incorporated into the pleadings, may not be considered in a motion under Pa.R.C.P. 1034 (we mention them only because of the stress that the plaintiff lays on them in his brief), we are not persuaded that the fact, or the date, of the general contractor's default has any relevance to a subcontractor's right to sue a surety on a payment bond.

It should be borne in mind that a payment bond and a performance bond are two different documents that serve different purposes. The payment bond which is between the surety and the general contractor, serves to guarantee that all subcontractors and other suppliers will be paid for their work on the project by providing such parties with a cause of action in assumpsit against the surety to recover such payment. By contrast, the performance bond, also between the general contractor and the surety, guarantees the owner of the project that the work it has contracted for will be performed. It gives the owner (and no one else) a right of action against the surety in the event of the general contractor's default. The two bonds operate independently of each other. The performance bond confers no rights on any subcontractor, while the payment bond does not speak to the issue of default by the general contractor inasmuch as it is operative whenever the general contractor (whether in default or not) has failed to pay the sub-contractors.

This distinction is borne out by the case law. *Centre Concrete Co. v. AGI Inc.*, 522 Pa. 27, 559 A.2d 516 (1989) did not involve a general contractor in default

but an unpaid subcontractor suing on a payment bond. Thus, in accordance with its holding, both the 90-day statutory waiting period and the subsequent one-year period of limitations are applicable to such a case. *Turner Construction v. American States Ins. Co.*, 397 Pa. Super. 29, 579 A.2d 915 (1990) involved a performance bond executed by a subcontractor for the benefit of a general contractor. The general contractor, as the beneficiary, was entitled to sue on the bond when the subcontractor had breached its contract with the general contractor. In the same way, the performance bond issued in this case gives the owner (the Housing Authority) a right of action in the event of default by the party executing the bond (here, the general contractor, Ambrose), but it affords no right of action to the subcontractor (Chiafullo), who was not a party to the performance bond or to the underlying contract on which it was issued.

It, therefore, follows that the only cause of action which Chiafullo, as a subcontractor, may assert against Ohio Casualty, the surety, is based on the payment bond, which unlike the performance bond, was executed for the benefit of subcontractors. A subcontractor's cause of action on a payment bond accrues when the subcontractor has not been paid for 90 days following his last delivery of material or equipment or supplying of labor. This is without reference to whether the general contractor is in default. Thus, when the money owed Chiafullo by Ambrose had been unpaid for 90 days after Chiafullo had completed his work on the project his cause of action arose at that point regardless of whether Ambrose was in default or why Ambrose refused to pay. The record indicates that Chiafullo's work was completed, at the latest, by May of 1988. Accordingly, his cause of action accrued in August of

that year and was extinguished by the statute of limitations in August of 1989. The default of Ambrose in the spring of 1989 did not revive or extend it.

Therefore, we conclude that this action is time-barred and must be dismissed.

## ORDER OF COURT

Now, October 21, 1991, the motion of the defendant for judgment on the pleadings is hereby granted and the plaintiff's complaint is dismissed.