J-S79003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MILDRED K. CALKINS, ADMINISTRATRIX OF THE ESTATE OF ANNA C. KASYCH, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EDWARD H. BUTZ, ESQUIRE, LESAVOY BUTZ & SEITZ, LLC, ST. LUKE'S HEALTH NETWORK, INC., ST. LUKE'S HOSPITAL – ALLENTOWN CAMPUS | |
| Appellees | No. 442 EDA 2016 |

Appeal from the Order Entered January 19, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-0809

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JANUARY 23, 2017**

Appellant, Mildred K. Calkins, Administratrix of the Estate of Anna C. Kasych, Deceased, appeals from the order entered in the Lehigh County Court of Common Pleas, which granted judgment on the pleadings in favor of Appellees Edward H. Butz, Esquire, and Lesavoy Butz & Seitz, LLC ("Attorney Butz and LB&S").  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant is a sibling of Anna Kasych and Charles Kasych, Jr., who are deceased.  The Kasychs initially owned eight properties as joint tenants in Whitehall Township ("Whitehall Properties"), which were valued at millions of dollars.  In October 2008, the Kasychs met with the vice president of the St.

Luke's Hospital Development Office, to discuss the possibility of making a testamentary gift of the Whitehall Properties to St. Luke's Hospital ("St. Luke's"). At the Kasychs' request, the general counsel for St. Luke's recommended two accountants and two attorneys for estate planning services, one of whom was Attorney Butz. At that time, Attorney Butz was a partner at the law firm of LB&S. Bernard Lesavoy also was a partner at LB&S. Attorney Lesavoy and LB&S had represented St. Luke's in the past. Attorney Lesavoy also received a community involvement award from St. Luke's in 2002 and was an honorary co-chair at the hospital's "Dinner by Starlight" event in 2005.

Shortly after the meeting with the St. Luke's Development Office, the Kasychs engaged the services of Attorney Butz and LB&S in connection with the planned bequests to St. Luke's. The terms of Attorney Butz and LB&S' representation was not memorialized in writing. In December 2008, Attorney Butz drafted separate wills for the Kasychs devising their property interests, including the Whitehall Properties, to St. Luke's. As part of the estate plan, Attorney Butz also drafted new deeds for each of the Whitehall Properties, which changed the Kasychs' ownership of the properties from joint tenancies to tenancies in common. In a letter to the Kasychs dated December 4, 2008, Attorney Butz explained: "Finally, I have enclosed a document converting your real estate ownership from joint tenancies with right of survivorship to tenancies in common, which allows you to separately leave one-half of your properties to St. Luke's." (Appellant's Complaint, filed

4/15/15, at Exhibit C; R.R. at 43a). This change comported with the Kasychs' desire, as expressed in their wills, for their estates to qualify for the federal estate tax charitable deduction. The Kasychs signed the new deeds on February 6, 2009, and they were recorded on March 3, 2009. The Kasychs executed the finalized wills on August 12, 2009.[1] Mr. Kasych died on September 8, 2010. On February 17, 2011, Attorney Lesavoy was appointed to the Board of Governors of St. Luke's Hospital—Allentown Campus. Ms. Kasych was executrix of Mr. Kasych's estate and administered his estate for three years until her death. Mr. Kasych's will was probated and his one-half interest in the Whitehall Properties passed directly to St. Luke's. During that time, Ms. Kasych also defended Mr. Kasych's estate against claims brought by Appellant, and contacted Attorney Butz to revise her own estate plan. In an engagement letter to Ms. Kasych dated February 12, 2013, Attorney Butz stated:

> I have advised you that my firm has represented St. Luke's Hospital in a variety of matters. You may also recall that my youngest son was born at St. Luke's Hospital, Allentown. Therefore, you should know that I have a high regard for St. Luke's. Because you are free to leave your estate to any person or entity you wish, however, I do not believe that the above facts have any bearing on my representing you in connection with your estate plan. On the other hand, I do not want to be

---

[1] Both wills contained a provision requesting that the personal representative use all reasonable efforts to prevent the sale or transfer of any estate property to Appellant, among several other individuals and entities.

> involved in any matter adverse to St. Luke's. I hope you will find this satisfactory. If not, please let me know.

(Appellant's Complaint at Exhibit D; R.R. at 45a-46a). Ms. Kasych subsequently engaged other counsel to revise/revoke her will. Ms. Kasych died on December 21, 2013. No testamentary writing was admitted to probate, and Appellant was appointed administratrix of Ms. Kasych's estate.

On March 16, 2015, Appellant initiated the current action by filing a *praecipe* for a writ of summons in her capacity as administratrix of Ms. Kasych's estate. Appellant filed a complaint on April 15, 2015, which included counts of breach of contract, malpractice/professional negligence, and breach of fiduciary duty against Attorney Butz and LB&S.[2] Appellant also brought counts of unjust enrichment and equitable reformation against St. Luke's Health Network, Inc. and St. Luke's Hospital—Allentown Campus ("St. Luke Defendants"). The St. Luke Defendants filed preliminary objections on May 8, 2015. On May 27, 2015, Appellant filed preliminary objections to the St. Luke Defendants' preliminary objections. Attorney Butz and LB&S filed an answer and new matter to the complaint on June 12, 2015. On June 17, 2015, the St. Luke Defendants filed amended preliminary objections to Appellant's complaint.

On September 4, 2015, Attorney Butz and LB&S filed a motion for judgment on the pleadings, arguing Appellant's claims against them were

_____

[2] Appellant filed certificates of merit in support of her complaint.

barred by the relevant statutes of limitations. The court sustained the St. Luke Defendants' preliminary objections on September 24, 2015, which resulted in dismissal of all claims against the St. Luke Defendants.[3] The court granted Attorney Butz and LB&S' motion for judgment on the pleadings on January 19, 2016. Appellant filed a timely notice of appeal on February 2, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN DISMISSING THE ENTIRE COMPLAINT WITHOUT ALSO ADDRESSING THE APPLICABLE FOUR-YEAR STATUTE OF LIMITATIONS TO [APPELLANT'S] COUNT I FOR BREACH OF CONTRACT, WHICH WAS TIMELY FILED.

WHETHER THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT AS A MATTER OF LAW AND GRANTING [ATTORNEY BUTZ AND LB&S'] MOTION FOR JUDGMENT ON THE PLEADINGS UNDER THE STATUTE OF LIMITATIONS WHERE THE DISCOVERY RULE AND/OR FRAUDULENT CONCEALMENT DOCTRINES TOLLED THE APPLICABLE LIMITATIONS PERIODS FOR [APPELLANT'S] TORT AND CONTRACT CLAIMS AND THE FACTUAL ISSUES IN DISPUTE PRECLUDED A RULING ON THIS ISSUE AS A MATTER OF LAW AT THE PLEADINGS STAGE.

(Appellant's Brief at 4).

Appellate review of an order granting a motion for judgment on the

---

[3] The order sustaining the St. Luke Defendants' preliminary objections is not at issue in this appeal.

pleadings implicates the following principles:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Southwestern Energy Production Co. v. Forest Resources, LLC*, 83 A.3d 177, 185 (Pa.Super. 2013), *appeal denied*, 626 Pa. 691, 96 A.3d 1029 (2014).

"[W]hether the statute of limitations has run on a claim is generally a question of law for the trial [court]." *Wilson v. Transp. Ins. Co.*, 889 A.2d 563, 570 (Pa.Super. 2005). "Which statute of limitations applies to a cause of action is also a matter of law for the court to determine." *Id.* "Additionally, the interpretation and 'application of a statute is a question of law that compels plenary review to determine whether the court committed

an error of law.'" *Id.*

Generally, "the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, which occurs as soon as the right to institute and maintain a suit arises." *Centre Concrete Co. v. AGI, Inc.*, 522 Pa. 27, 31, 559 A.2d 516, 518 (1989). "The party asserting the cause of action has the affirmative duty to use all reasonable diligence to determine the facts and circumstances of the claim and to institute suit within the prescribed period." *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa.Super. 2004).

> Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply [the place of evidence lost or impaired by lapse of time, by raising a] presumption which renders proof unnecessary. Mere delay, extended to the limit prescribed, is itself a conclusive bar. The bane and antidote go together.

*Id.* Nevertheless,

> The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. The limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.

*Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa.Super. 2002), *appeal*

*denied*, 572 Pa. 709, 813 A.2d 844 (2002).  Whether the prescribed statute of limitations period has expired is not relevant to whether "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises."  ***Fine v. Checcio***, 582 Pa. 253, 269, 870 A.2d 850, 859-60 (2005).  Instead,

> [W]hen a court is presented with the assertion of the discovery rule[']s application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it.  Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

***Id.*** at 267-68, 870 A.2d at 858-59 (internal citations omitted).  ***See also Fiorentino v. Rapoport***, 693 A.2d 208, 216, 219 (Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (stating: "Evidence which demonstrates that a plaintiff has suffered the loss of property rights under a contract will suffice to establish 'actual injury' or 'harm' in a legal malpractice action"; "In Pennsylvania, the occurrence rule is used to determine when the statute of limitations begins to run.  Under the Pennsylvania occurrence rule, the statutory period commences when the harm is suffered, or if appropriate, at the time an alleged malpractice is discovered"; whether statute has run on claim is usually question of law for trial judge, *i.e.*, where

facts demonstrate reasonable minds could not differ, court can determine limitations period as matter of law).

In issue one, Appellant argues her complaint made out a breach of contract claim by alleging Attorney Butz and LB&S failed to follow Ms. Kasych's instruction to make a revocable bequest to St. Luke's. Appellant asserts Attorney Butz and LB&S took an additional unrequested step of converting the Whitehall Properties from joint tenancies to tenancies in common, eliminating Appellant's "power of appointment" over the "properties as a whole." Appellant contends Attorney Butz and LB&S deviated from the general professional practice of drafting a will as requested by the client, with an intent to benefit St. Luke's. Appellant maintains the four-year statute of limitations should apply to her breach of contract claim, as opposed to the two-year statute of limitations applicable to claims of professional negligence.

Appellant further argues the court misapplied the discovery rule. Appellant avers it is unknown whether Attorney Butz and LB&S advised Ms. Kasych that her "rights in the whole of the real properties" were extinguished when the properties were converted to tenancies in common. Appellant claims the discovery rule tolled the statute of limitations even if Ms. Kasych knew by the time of Mr. Kasych's death in 2010, that Mr. Kasych's one-half interest in the Whitehall Properties would pass directly to St. Luke's. Appellant asserts Ms. Kasych still had no reason to inquire into

the legal cause of her harm until she received the February 2013 letter from Attorney Butz, disclosing a potential conflict of interest. Appellant concludes the court erred when it determined Appellant's breach of contract claim was barred by the statute of limitations. We disagree.

Under Pennsylvania law, "[a]n action may be commenced by filing with the prothonotary (1) a *praecipe* for a writ of summons, or (2) a complaint." Pa.R.C.P. 1007. Section 5525 of the Judicial Code sets forth a two-year statute of limitations for professional negligence actions:

### § 5524. Two year limitation

The following actions and proceedings must be commenced within two years:

\* \* \*

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524(7). Section 5525 of the Judicial Code sets forth a four-year statute of limitations for breach of contract actions:

### § 5525. Four year limitation

(a) General rule.—Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:

\* \* \*

(3) An action upon an express contract not founded

- 10 -

upon an instrument in writing.

\*    \*    \*

(8)    An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5525(a)(3), (8). "In Pennsylvania, an individual who has taken part in an attorney-client relationship may sue his attorney for malpractice under either a trespass or assumpsit theory, each of which requires the proof of different elements." *Fiorentino, supra* at 212.

For a trespass/professional negligence claim, the plaintiff must establish three elements: (1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) the attorney's failure to exercise the requisite skill and knowledge was the proximate cause of damage to the plaintiff. *Bailey v. Tucker*, 533 Pa. 237, 246, 621 A.2d 108, 112 (1993). "An attorney will be deemed 'negligent' if he…fails to possess and exercise that degree of knowledge, skill and care which would normally be exercised by members of the profession under the same or similar circumstances." *Fiorentino, supra* at 212.

By way of comparison, an assumpsit claim based on breach of an attorney-client agreement is a contract claim, and the attorney's liability must be assessed under the terms of the contract. [*Bailey, supra*] at 251, 621 A.2d at 115. Thus, if the attorney agrees to provide his…best efforts and fails to do so, an action in assumpsit will accrue. *Id.* "[A]n attorney who agrees for a fee to

represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." ***Id.*** at 251-52, 621 A.2d at 115.

***Id.*** at 213. As a general rule to succeed in a cause of action for breach of contract the plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." ***Gorski v. Smith***, 812 A.2d 683, 693-94 (Pa.Super. 2002), *appeal denied*, 579 Pa. 692, 856 A.2d 834 (2004) (holding that post-***Bailey***, breach of contract claims in context of legal malpractice are not limited to instances in which attorney failed to follow specific instruction of client, but also encompass breach of implied promise by attorney to render legal services in manner consistent with standards of profession at large).

Instantly, Appellant initiated this action by writ of summons filed on March 16, 2015. Appellant's civil complaint contained three counts against Attorney Butz and LB&S: Count I—Breach of Contract; Count II—Professional Malpractice; and Count III—Breach of Fiduciary Duty. Appellant's breach of contract count stated as follows:

### Count I – Breach of Contract ([Appellant] v. Butz and LB&S)

75. [Appellant] hereby incorporates by reference all other paragraphs of this Complaint as though set forth fully herein.

76. When Anna [Kasych] engaged [Attorney] Butz and LB&S she contracted for specific services to effectuate her

then intent to execute a Will as part of her estate plan which made a bequest to St. Luke's.

77. By definition, a bequest is revocable by the testator during his or her life.

78. [Ms. Kasych's] contract with [Attorney] Butz and LB&S for estate planning services was supported by consideration in that [Ms. Kasych] paid fees for such services.

79. [Attorney] Butz and LB&S materially breached their contractual duties to [Ms. Kasych] because they did not deliver a revocable bequest to St. Luke's, but instead, contrary to the parties' contract, [Attorney] Butz and LB&S delivered an estate plan containing a bequest with 50% of the bequest becoming irrevocable upon the death of [Charles Kasych].

80. As a direct and proximate cause of [Attorney] Butz and LB&S materially breaching their contract with [Ms. Kasych] by including an irrevocable gift to St. Luke's, [Ms. Kasych], and therefore her Estate, [Appellant] herein, suffered substantial damages in the form of losing 50% of the value and income of Whitehall Township Properties.

(Appellant's Complaint at 17-18; R.R. at 21a-22a). Count I of the complaint sets forth a cognizable breach of contract claim with an allegation that Attorney Butz and LB&S failed to abide by an express term of the parties' agreement, *i.e.*, creation of a revocable bequest to St. Luke's.[4] **See Gorski, supra**. Appellant **did** assert that Attorney Butz and LB&S failed to follow a

_____

[4] That allegation renders moot the parties' dispute over whether a malpractice-based breach of contract action requires the plaintiff to allege her attorney failed to follow a specific client instruction, not just that the attorney failed to provide services consistent with professional standards.

- 13 -

specific client instruction.[5]  Therefore, Appellant stated a claim for breach of contract subject to the four-year statute of limitations.  *See* 42 Pa.C.S.A. § 5525(a).

In 2009, Attorney Butz finalized the wills and deeds; and the Kasychs signed the documents.  Further, while they were alive, the Kasychs' individual bequests were revocable.  Likewise, Ms. Kasych knew in 2009 that the Whitehall Properties had been converted from joint tenancies to tenancies in common.  Attorney Butz' letter to the Kasychs around that time explained that the deed changes would allow them to devise their one-half interests in the Whitehall Properties to St. Luke's separately.

Assuming without deciding that Attorney Butz' explanation of the effect of the deed changes was inadequate, no reasonable minds could disagree that Ms. Kasych knew or should have known of the existence and cause of her "injury" (loss of her right to survivorship in the Whitehall Properties) upon or shortly after Mr. Kasych's death on September 8, 2010.  Ms. Kasych administered the estate of Mr. Kasych, whose one-half interest in the Whitehall Properties passed directly to St. Luke's in accordance with his will.  Consequently, Ms. Kasych knew Mr. Kasych's one-half interest in the properties was not passing to her *via* right of survivorship.  Therefore, the

_____

[5] Pennsylvania law makes clear the failure to follow a specific client instruction is no longer a required element of a breach of contract claim in the context of legal malpractice.  *See id.*

- 14 -

limitations period on Appellant's breach of contract claim commenced in 2010 at the latest, upon the death of her sibling. ***See Fine, supra***; ***Fiorentino, supra***.

The alleged breach and injury, as stated in Count I of the complaint, did not depend on Attorney Butz' purported conflict of interest. The contract claim is simply that Attorney Butz and LB&S breached their contract with Ms. Kasych by failing to "deliver a revocable bequest." No reasonable minds could disagree that Ms. Kasych knew of the alleged breach and injury in 2009, or 2010 at the latest, and long before she received Attorney Butz's February 2013 letter regarding his potential conflict of interest. Thus, the February 2013 letter did not affect the statute of limitations on Appellant's breach of contract claim, given the nature of that claim. When Appellant filed a *praecipe* for a writ of summons on March 16, 2015, the breach of contract claim was barred by the four-year statute of limitations. ***See*** 42 Pa.C.S.A. § 5525(a).

In issue two, Appellant argues Ms. Kasych had no knowledge of Attorney Butz and LB&S' purported conflict of interest with St. Luke's until she received the February 12, 2013 letter from Attorney Butz. Appellant asserts that letter is what triggered Ms. Kasych's duty to exercise reasonable diligence to investigate the legal cause of her harm, *i.e.*, "overreaching" by Attorney Butz and LB&S to the benefit of St. Luke's. Appellant maintains the letter did not, however, disclose Attorney Butz's actions and their effects on

Ms. Kasych—only the existence of a previously undisclosed conflict. Appellant contends that when a reasonable period is added to date of that letter, her professional negligence and breach of fiduciary duty claims fall within the applicable two-year statute of limitations. Appellant alternatively argues her action should relate back to the date she had filed a previous complaint against the same parties in 2014. Appellant avers her original complaint made essentially the same allegations against Attorney Butz and LB&S, but it was dismissed because of a "captioning issue." Appellant submits Attorney Butz and LB&S were already on notice of her claims, and the trial court in the previous case had recommended the filing of a second complaint. Appellant concludes the court improperly dismissed the 2015 negligence case on statute of limitations grounds. We disagree.

As a preliminary matter, issues raised for the first time on appeal are generally deemed waived. *See* Pa.R.A.P. 302; *Rivera v. Home Depot*, 832 A.2d 487 (Pa.Super. 2003). Further, any issue not included in an appellant's Rule 1925(b) statement is waived for purposes of appellate review. *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380 (Pa.Super. 2011), *appeal denied*, 615 Pa. 768, 40 A.3d 1237 (2012).

Instantly, Appellant failed to raise her "relation back" argument at any stage of the trial court proceedings. Appellant also failed to include the relation-back claim in her Rule 1925(b) statement. The issue appears for the first time in Appellant's brief on appeal. Thus, the relation-back claim is

waived. *See id.*; *Rivera, supra*. Furthermore, Appellant cites no Pennsylvania authority to support her relation-back argument and relies exclusively on non-binding decisions of federal and other state courts. *See Branham v. Rohm and Haas Co.*, 19 A.3d 1094 (Pa.Super. 2011), *appeal denied*, 615 Pa. 771, 42 A.3d 289 (2012) (stating Superior Court is not bound by decisions of federal courts, other than United States Supreme Court, or decisions of other state courts on matters of Pennsylvania law). Therefore, Appellant failed to preserve her "relation back" theory.

Moreover, Appellant had two years under Section 5524 to prosecute her claims of professional negligence and breach of fiduciary duty. *See also Weston v Northampton Personal Care, Inc.*, 62 A.3d 947 (Pa.Super. 2013), *appeal denied*, 622 Pa. 752, 79 A.3d 1099 (2013) (stating two-year statute of limitations applies to cause of action for breach of fiduciary duty); *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565 (Pa.Super. 2007) (stating two-year statute of limitations applies to claims for professional negligence).

Counts II and III of Appellant's complaint allege Attorney Butz and LB&S were negligent and/or breached their fiduciary duty to Ms. Kasych when they failed to (1) disclose conflicts of interest with St. Luke's; (2) obtain Ms. Kasych's informed consent regarding the conflicts; (3) comply with Ms. Kasych's request for a revocable bequest; (4) adequately advise Ms. Kasych of the difference between a joint tenancy and tenancy in common or the effect the deed changes would have on her interest in the

Whitehall Properties. The two-year statute of limitations applies to these claims. *See* 42 Pa.C.S.A. § 5524(7); ***Weston, supra***; ***Wachovia Bank, N.A., supra***. As with the breach of contract claim, Ms. Kasych knew or should have known no later than her sibling's death in 2010 of Attorney Butz and LB&S' alleged failure to follow Ms. Kasych's instructions or explain the consequences of the deed changes. With regard to Appellant's claims for professional errors, Appellant's discovery of Attorney Butz and LB&S' alleged conflict of interest is relevant to the statute of limitations analysis. Ms. Kasych received a letter from Attorney Butz dated February 12, 2013, disclosing his personal involvement with St. Luke's and LB&S' past representation of the hospital. Therefore, Ms. Kasych was aware of the alleged conflict of interest no later than February 2013. At that time, Ms. Kasych knew all the critical facts underlying her negligence and breach of fiduciary duty claims. ***See Weik, supra***. No reasonable factfinder could conclude the two-year limitations period applicable to Counts II and III should have commenced at any time after February 2013. ***See Fiorentino, supra***. Appellant filed the *praecipe* for a writ of summons on March 16, 2015, after her claims of professional negligence and breach of fiduciary duty were time-barred. ***See*** 42 Pa.C.S.A. § 5524(7). Thus, the trial court properly granted Attorney Butz and LB&S' motion for judgment on the pleadings. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2017